1   JOHN C. FISH, Jr., Bar No. 160620
    jfish@littler.com
2   ROD M. FLIEGEL, Bar No. 168289
    rfliegel@littler.com
3   ANDREW M. SPURCHISE, Bar No. 245998
    aspurchise@littler.com
4   LITTLER MENDELSON, P.C.
    650 California Street
5   20th Floor
    San Francisco, California  94108.2693
6   Telephone:    415.433.1940
    Facsimile:    415.399.8490
7
    Attorneys for Defendant
8   UBER TECHNOLOGIES, INC.

9                       UNITED STATES DISTRICT COURT

10                    NORTHERN DISTRICT OF CALIFORNIA

11   RONALD GILLETTE, individually and on       Case No. 3:14-cv-05241-EMC
     behalf of all others similarly-situated,
12                                              **DEFENDANT'S NOTICE OF MOTION
                          Plaintiff,            AND MOTION TO COMPEL
13                                              ARBITRATION; MEMORANDUM OF
            v.                                  POINTS AND AUTHORITIES IN
14                                              SUPPORT THEREOF**
     UBER TECHNOLOGIES, INC., a
15   California corporation, and DOES 1-20,     Date: March 12, 2015
     inclusive,                                 Time: 1:30 p.m.
16                                              Ctrm.: 5, 17th Floor
                          Defendants.
17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

DEF'S NOTICE OF MOTION TO COMPEL        CASE NO. 3:14-CV-05241 EMC
ARB; MPA IN SUPPORT THEREOF

## <u>TABLE OF CONTENTS</u>

**Page(s)**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................... 2

I. INTRODUCTION ............................................................................................................. 2

II. RELEVANT FACTS ........................................................................................................ 2

    A. Defendant Uber Technologies, Inc. ..................................................................... 2

    B. Plaintiff Agreed To Be Bound By An Arbitration Agreement Covering The Instant Dispute. ................................................................................................... 3

    C. Plaintiff Has Refused To Arbitrate His Claims. ................................................. 5

III. THE COURT SHOULD ORDER PLAINTIFF TO ARBITRATE HIS CLAIMS ON AN INDIVIDUAL BASIS AND DISMISS OR STAY THE INSTANT SUIT .................... 6

    A. The Federal Arbitration Act Applies To The Arbitration Provision......................... 6

    B. The Arbitration Provision Is Valid And Must Be Enforced. ..................................... 7

        1. The Arbitration Provision Delegates The Gateway Issues To The Arbitrator........................................................................................... 8

        2. A Valid Agreement To Arbitrate Exists. ....................................... 9

            a. The Arbitration Provision is not procedurally unconscionable. .......... 9

            b. The Arbitration Provision is not substantively unconscionable. ....... 11

        3. Plaintiff's Claims Are Covered By The Arbitration Agreement. ................. 13

    C. Plaintiff's Class Claims Cannot Proceed. .................................................... 14

    D. Plaintiff's PAGA Claim Should Be Ordered To Arbitration On An Individual Basis Or, In The Alternative, Stayed. ................................................ 15

        1. The FAA Preempts *Iskanian*'s Holding Prohibiting The Waiver Of Representative PAGA Claims.......................................................... 15

        2. Because Plaintiff Was Provided The Opportunity To Opt Out Of The Arbitration Provision, *Iskanian* Does Not Apply. .......................... 17

IV. CONCLUSION.............................................................................................................. 19

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

# TABLE OF AUTHORITIES

Page(s)

CASES

*Andrade v. P.F. Chang's China Bistro, Inc.*,
2013 U.S. Dist. LEXIS 112759 (S.D. Cal. Aug. 9, 2013) ......................................................17

*Appelbaum v. AutoNation Inc.*,
2014 U.S. Dist. LEXIS 50588 (C.D. Cal. Apr. 8, 2014) ........................................................17

*Armendariz v. Foundation Health Psychare Servs.*,
24 Cal. 4th 83 (2000) ...................................................................................9, 11, 12, 13

*Asfaw v. Lowe's HIW, Inc.*,
2014 U.S. Dist. LEXIS 68657 (C.D. Cal. May 13, 2014) .....................................................17

*AT&T Mobility, LLC v. Concepcion*,
131 S. Ct. 1740 (2011) ("*Concepcion*") ................................................................. passim

*Bencharsky v. Cottman Transmission Sys., LLC*,
625 F. Supp. 2d 872 (N.D. Cal. 2008) ................................................................................14

*Buckeye Check Cashing, Inc. v. Cardegna*,
546 U.S. 440 (2006) ..............................................................................................6, 7, 11

*Chico v. Hilton Worldwide, Inc.*,
2014 U.S. Dist. LEXIS 147752 (C.D. Cal. 2014) ...........................................................15, 17

*Circuit City Stores, Inc. v. Ahmed*,
283 F. 3d 1198 (9th Cir. 2002) ("*Ahmed*") ....................................................................10

*Circuit City Stores, Inc. v. Najd*,
294 F. 3d 1104 (9th Cir. 2002) ..........................................................................................10

*Citizens Bank v. Alafabco, Inc.*,
539 U.S. 52 (2003)..................................................................................................................7

*Cronin v. Citifinancial Servs.*,
352 Fed. Appx. 630 (3rd Cir. 2009).....................................................................................14

*Cronus Investments, Inc. v. Concierge Services*,
35 Cal. 4th 376 (2005) ...........................................................................................................7

*Dean Witter Reynolds Inc. v. Byrd*,
470 U.S. 213 (1985)................................................................................................................7

*Dittenhafer v. Citigroup*,
2010 U.S. Dist. LEXIS 77673 (N.D. Cal. 2010) ...................................................................7

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

DEF'S NOTICE OF MOTION TO COMPEL
ARB; MPA IN SUPPORT THEREOF

ii.

CASE NO. 3:14-CV-05241 EMC

*EEOC. v. Waffle House, Inc.*,
    534 U.S. 279 (2002)........................................................................................13

*Fardig v. Hobby Lobby Stores, Inc.*
    2014 U.S. Dist. LEXIS 139359 (C.D. Cal. Aug. 11, 2014)....................................17

*First Options of Chicago v. Kaplan*,
    514 U.S. 938 (1995)........................................................................................9

*Gilmer v. Interstate/Johnson Lane Corp.*,
    500 U.S. 20 (1991)..........................................................................................6

*Hall St. Assoc., L.L.C. v. Mattel, Inc.*,
    552 U.S. 576 (2008)..........................................................................................6

*Hoffman v. Citibank, N.A.*,
    546 F. 3d 1078 (9th Cir. 2008) .........................................................................9

*Howsam v. Dean Witter Reynolds, Inc.*,
    537 U.S. 79 (2002)..........................................................................................8

*Iskanian v. CLS Transportation Los Angeles, LLC*,
    59 Cal. 4th 348 (2014) ...........................................................................passim

*Johnmohammadi v. Bloomingdale's, Inc.*,
    755 F. 3d 1072 (9th Cir. 2014) .............................................................10, 14, 18

*Kairy v. Supershuttle, Int'l*,
    2012 U.S. Dist. LEXIS 134945 (N.D. Cal. 2012) ...............................................14

*Langston v. 20/20 Cos.*,
    2014 U.S. Dist. LEXIS 151477 (C.D. Cal. Oct. 17, 2014)....................................17

*Local Union 598, Plumbers & Pipefitters Indus. Journeymen & Apprentices Training Fund
    v. J.A. Jones Constr. Co.*,
    846 F. 2d 1213 (9th Cir. 1988) .........................................................................16

*Marmet Health Care Ctr., Inc. v. Brown*,
    132 S. Ct. 1201 (2012).............................................................................12, 16

*Mastrobuono v. Shearson Lehman Hutton, Inc.*,
    514 U.S. 52 (1995).....................................................................................7, 16

*McManus v. CIBC World Markets Corp.*,
    109 Cal. App. 4th 76 (2003) .............................................................................10

*Miguel v. JP Morgan Chase Bank, N.A.*,
    2013 U.S. Dist. LEXIS 16865 (C.D. Cal. Feb. 5, 2013)......................................17

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

DEF'S NOTICE OF MOTION TO COMPEL          iii.          CASE NO. 3:14-CV-05241 EMC
ARB; MPA IN SUPPORT THEREOF

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*,
  473 U.S. 614 (1985) ................................................................................................6

*Mortensen v. Bresnan Comm., LLC*,
  722 F. 3d 1151 (9th Cir. 2013) ..............................................................................7

*Morvant v. P.F. Chang's China Bistro, Inc.*,
  870 F. Supp. 2d 831 (N.D. Cal. 2012) .................................................................15

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
  460 U.S. 1 (1983) .........................................................................................6, 8, 13

*Murphy v. DirectTV, Inc.*,
  724 F. 3d 1218 (9th Cir. 2013) .............................................................................14

*Nelsen v. Legacy Partners Residential, Inc.*,
  207 Cal. App. 4th 1115 (2012) .............................................................................11

*O'Connor v. Uber Technologies, Inc.*,
  Case No. C-13-3826 EMC ("*O'Connor*") ........................................................5, 10

*Ortiz v. Hobby Lobby Stores, Inc.*,
  2014 U.S. Dist. LEXIS 140552 (E.D. Cal. Oct. 1, 2014) .....................................17

*Pacificare Health Sys., Inc. v. Book*,
  538 U.S. 401 (2003) ................................................................................................8

*Parvateneni v. E*Trade Financial Corp.*,
  967 F. Supp. 2d 1298 (N.D. Cal. 2013) ...............................................................17

*People v. Harris*,
  47 Cal. 3d 1047 (1989) .........................................................................................18

*People v. Johnson*,
  53 Cal. 4th 519 (2012) .....................................................................................18, 19

*People v. Myers*,
  43 Cal. 3d 250 (1987) ...........................................................................................18

*Perry v. Thomas*,
  482 U.S. 483 (1987) ................................................................................................6

*Pinnacle Museum Tower Assn. v. Pinnacle Market Development (US), LLC*,
  55 Cal. 4th 223 (2012) .......................................................................................9, 11

*Preston v. Ferrer*,
  552 U.S. 346 (2008) ..............................................................................................16

*Quevedo v. Macy's Inc.*,
  798 F. Supp. 2d 1122 (C.D. Cal. 2011) ...............................................................17

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

DEF'S NOTICE OF MOTION TO COMPEL            iv.            CASE NO. 3:14-CV-05241 EMC
ARB; MPA IN SUPPORT THEREOF

*Rent-A-Center, W., Inc. v. Jackson,*
  561 U.S. 63 (2010) ...................................................................................8, 11

*Rodriguez v. American Technologies, Inc.,*
  136 Cal. App. 4th 1110 (2006) .......................................................................7

*Rosas v. Macy's Inc.,*
  2012 WL 3656274 (C.D. Cal. 2012)..............................................................10

*Simula, Inc. v. Autoliv, Inc.,*
  175 F. 3d 716 (9th Cir. 1999) ..........................................................................8

*Southland Corp. v. Keating,*
  465 U.S. 1 (1984)............................................................................................16

*Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.,*
  559 U.S. 662 (2010) ................................................................................14, 15

*United States v. Nev. Tax Comm'n,*
  439 F. 2d 435 (9th Cir. 1971) ........................................................................16

*Velazquez v. Sears, Roebuck and Co.,*
  2013 U.S. Dist. LEXIS 121400 (S.D. Cal. Aug. 23, 2013) ...........................17

*Yaqub v. Experian Info. Solutions, Inc.,*
  2011 U.S. Dist. LEXIS 156427 (C.D. Cal. 2011)..........................................14

**STATUTES**

California Labor Code .................................................................................5, 13, 14

California Investigative Consumer Reporting Agencies Act ("ICRAA").....2, 5, 13, 14

Fair Credit Reporting Act ("FCRA")...........................................................2, 5, 13, 14

Federal Arbitration Act, 9 U.S.C. § 4 ...............................................................8, 14

Federal Arbitration Act, 9 U.S.C. § 2 ...............................................................6, 14

Federal Arbitration Act, 9 U.S.C. § 1 ............................................................. passim

Federal Arbitration Act, 9 U.S.C. § 3 ...............................................................2, 19

**OTHER AUTHORITIES**

U.S. CONST. art. VI, cl. 2 ....................................................................................16

Firmwide:130863498.5 073208.1047

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

DEF'S NOTICE OF MOTION TO COMPEL
ARB; MPA IN SUPPORT THEREOF

v.

CASE NO. 3:14-CV-05241 EMC

1   **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

2          PLEASE TAKE NOTICE that on March 12, 2015, in Courtroom 5, 17th Floor of the U.S.

3   District Court, Northern District of California, 450 Golden Gate Avenue, San Francisco, California,

4   at 1:30 p.m., or as soon thereafter as counsel may be heard, Defendant UBER TECHNOLOGIES,

5   INC. ("Uber") will and hereby does move the Court for an order compelling to arbitration on an

6   individual basis the claims of Plaintiff RONALD GILLETTE ("Plaintiff") pursuant to his agreement

7   to arbitrate with Defendant, and dismissing all class or representative claims alleged in Plaintiff's

8   First Amended Complaint ("Complaint"). This motion is made pursuant to the Federal Arbitration

9   Act, 9 U.S.C. § 1, *et seq.* This motion is brought on the grounds that all of Plaintiff's claims against

10  Uber are subject to a valid and enforceable arbitration agreement that requires Plaintiff to arbitrate

11  his claims on an individual basis only, and not in a court of law.

12         If the Court concludes that Plaintiff is entitled to pursue his Eighth Cause of Action under the

13  Private Attorneys General Act of 2004, California Labor Code §§ 2698, *et seq.* ("PAGA"), on a

14  representative basis, Uber requests that the Court stay litigation of the representative claim pending

15  arbitration of Plaintiff's First through Seventh Causes of Action pursuant to 9 U.S.C. § 3.

16         The motion will be based upon this notice of motion and motion and upon Uber's

17  memorandum of points and authorities, the declarations of Michael Colman and Emily E. O'Connor

18  filed herewith, the pleadings and papers filed herein, and any other matters considered by the Court.

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

DEF'S NOTICE OF MOTION TO COMPEL
ARB; MPA IN SUPPORT THEREOF
1.
CASE NO. 3:14-CV-05241 EMC

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

On July 29, 2013, Plaintiff Ronald Gillette ("Plaintiff") entered into an arbitration agreement with Uber.  The arbitration agreement provides that: "this Arbitration Provision [ ] applies, without limitation, to disputes arising out of or related to this Agreement and disputes arising out of or related to Your relationship with Uber, including termination of the relationship."  The agreement further states that: "You and Uber agree to bring any dispute in arbitration on an individual basis only, and not on a class, collective, or private attorney general representative action basis."

Despite being bound by a valid arbitration agreement covering any claims arising out of his relationship with Uber, Plaintiff proceeded to file the instant lawsuit, alleging violations of the Fair Credit Reporting Act ("FCRA") on a class basis, PAGA on a representative basis, and the California Investigative Consumer Reporting Agencies Act ("ICRAA") on an individual basis.

Uber brings this motion to compel Plaintiff's compliance with his agreement to arbitrate and requests that the Court dismiss Plaintiff's class and representative claims and order him to submit his individual claims to arbitration.  Alternatively, Uber requests that this Court stay litigation of Plaintiff's PAGA claim pending arbitration of his other claims pursuant to 9 U.S.C. § 3.

## II.    RELEVANT FACTS

### A.    Defendant Uber Technologies, Inc.

Uber is a technology company that offers a smartphone application connecting riders looking for transportation to independent transportation providers looking for riders.  (Declaration of Michael Colman ("Colman Decl.") ¶ 3.)  Uber offers the app as a tool to facilitate transportation services, and it licenses the use of the app to independent transportation providers.  (*Id.*, at ¶¶ 4, 6.) Any independent transportation provider who wishes to access Uber's software platform to book passengers must first enter into a Software License & Online Services Agreement ("Licensing Agreement") with Uber.  (*Id.*, at ¶ 6.)  Independent transportation providers are free to engage drivers to provide transportation services booked using the Uber app.  (*Id.*)  Any such drivers are required to accept both the Licensing Agreement and Driver Addendum Related to Uber Services ("Driver Addendum") before receiving access to the app.  (*Id.*)  On occasion, Uber implements

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

DEF'S NOTICE OF MOTION TO COMPEL
ARB; MPA IN SUPPORT THEREOF

2.

CASE NO. 3:14-CV-05241 EMC

updated Licensing Agreements and Driver Addendums and transportation providers and drivers must agree to those updated documents in order to access the app.  (*Id.*)

**B.    Plaintiff Agreed To Be Bound By An Arbitration Agreement Covering The Instant Dispute.**

Plaintiff first signed up to use the Uber app to book passengers on or about June 3, 2013. (Colman Decl., ¶ 8.)  At the time, Plaintiff was engaged as a driver by Abbey Lane Limousine, an independent transportation provider authorized to use the Uber app as a lead generation tool.  (*Id.*) Plaintiff signed up to use the app under Abbey Lane Limousine's account.  (FAC, ¶¶ 11-12.)  On or about July 23, 2013, Plaintiff was given notice and an opportunity to review the new Licensing Agreement and Driver Addendum that Uber intended to implement.  (Colman Decl., ¶ 9, Exs. A, B, C.)  On July 29, 2013, Plaintiff accepted Uber's new Licensing Agreement and Driver Addendum. (Colman Decl., ¶¶ 10-12, Exs. D, E.)[1]

The Licensing Agreement contains an arbitration agreement (the "Arbitration Provision"). The Arbitration Provision broadly requires Plaintiff to individually arbitrate ***all*** disputes arising out of the Licensing Agreement and/or his relationship with Uber, including termination of that relationship.    Plaintiff also expressly agreed to arbitrate any challenges to the validity or enforceability of the Arbitration Provision.  The Arbitration Provision reads in relevant part as follows:

> This Arbitration Provision is governed by the Federal Arbitration Act, 9 U.S.C. § 1 et seq. and evidences a transaction involving commerce.  This Arbitration Provision applies to any dispute arising out of or related to this Agreement or termination of the Agreement and survives after the Agreement terminates…
>
> **Except as it otherwise provides, this Arbitration Provision is intended to apply to the resolution of disputes that otherwise would be resolved in a court of law or before a forum other than arbitration.  This Arbitration Provision requires all such disputes be resolved only by an arbitrator through final and binding arbitration on an individual basis only and not by way of court or jury trial.**
>
> Such disputes include without limitation disputes arising out of or relating to interpretation or application of this Arbitration Provision, including the enforceability, revocability or validity of the Arbitration Provision or any portion of

---

[1] The Licensing Agreement and Driver Addendum are attached as Exhibits D and E, respectively, to Mr. Colman's Declaration.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

1

the Arbitration Provision.  All such matters shall be decided by an Arbitrator and not by a court or judge.

2

3

Except as it otherwise provides, this Arbitration Provision also applies, without limitation, to disputes arising out of or related to this Agreement and disputes arising out of or related to Your relationship with Uber, including termination of the relationship.

4

5

(Colman Decl., Ex. D at Section 14.3.i.)  The Driver Addendum, to which Plaintiff also agreed to be

6

bound, states Plaintiff "may be required to submit to a criminal background check."  (*Id.*, Ex. E at

7

Section 1.4.)   The Driver Addendum also contains an acknowledgement that Plaintiff agreed to

8

arbitrate any disputes related to the Driver Addendum consistent with the terms of the dispute

9

10

resolution provision contained in the Licensing Agreement:

11

**DISPUTE RESOLUTION**: Subcontractor agrees that any dispute, claim or controversy and arising out of relating to this Addendum, or the breach, termination, enforcement, interpretation or validity thereof, or performance of transportation services pursuant to the Software License and Online Services Agreement, including, but not limited to the use of the Service or Software, will be settled by binding arbitration in accordance with the terms set forth in the Software License and Online Services Agreement.

12

13

14

15

(*Id.*, Ex. E at Section 7.)

16

The Arbitration Provision in the Licensing Agreement further provides that Plaintiff must

17

pursue any claims in arbitration solely on an ***individual basis***, and not on a class, collective, or

18

private attorney general representative action basis.  (*Id.*, Ex. D at Section 14.3.v ["You and Uber

19

agree to bring any dispute in arbitration on an individual basis only, and not on a class, collective, or

20

private attorney general representative action basis."]).  Plaintiff was provided 30 days to opt-out of

21

the dispute resolution provision of the Licensing Agreement, and was also notified of his right to

22

consult with an attorney regarding the dispute resolution provision:

23

Your Right To Opt Out Of Arbitration.
Arbitration is not a mandatory condition of your contractual relationship with Uber. If you do not want to be subject to this Arbitration Provision, you may opt out of this Arbitration Provision by notifying Uber in writing of your desire to opt out of this Arbitration Provision…   In order to be effective, the writing must clearly indicate your intent to opt out of this Arbitration Provision and the envelope containing the signed writing **must be post-marked within 30 days** of the date this Agreement is executed by you.  Your writing opting out of this Arbitration Provision will be filed with a copy of this Agreement and maintained by Uber.  Should You not opt out of

24

25

26

27

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

this Arbitration Provision within the 30-day period, You and Uber shall be bound by the terms of this Arbitration Provision. You have the right to consult with counsel of Your choice concerning this Arbitration Provision. You understand that You will not be subject to retaliation if You exercise Your right to assert claims or opt-out of coverage under this Arbitration Provision.

(*Id.*, Ex. D at Section 14.3.viii.) [2]   Plaintiff did not opt out of the Arbitration Provision and accordingly, he is contractually bound to individually arbitrate his claims against Uber. (*Id.*, ¶ 13.)

### C. Plaintiff Has Refused To Arbitrate His Claims.

On November 26, 2014, Plaintiff filed a class action complaint in the United States District Court, Northern District of California. On December 15, 2014 Plaintiff filed a First Amended Complaint, the operative complaint in this action ("Complaint"). Plaintiff's First through Fourth Causes of Action assert violations of the FCRA on a class-wide basis as follows: (1) Failure to Provide Notice of Obtaining Consumer Report, (2) Failure to Obtain Authorization for Consumer Report, (3) Failure to Provide Consumer Report Prior to Taking Adverse Action, and (4) Failure to Provide a Summary of Rights Prior to Taking Adverse Action.

Plaintiff's Fifth, Sixth and Seventh Causes of Action assert violations of the California ICRAA on an individual basis as follows: (1) Failure to Provide Notice of Obtaining Consumer Report, (2) Failure to Obtain Authorization for Consumer Report, and (3) Failure to Provide Opportunity to Request and Receive Copy of Consume Report.

Lastly, Plaintiff's Eighth Cause of Action seeks penalties under PAGA on a representative basis for alleged violations of the California Labor Code. Plaintiff asserts that Uber failed to comply with various provisions of the California Labor Code due to the allegedly erroneous classification of drivers as independent contractors (*see* FAC, ¶ 79).[3]

---

[2] Uber notes that Plaintiff assented to the Licensing Agreement and Arbitration Provision ***prior to*** the filing of *O'Connor v. Uber Technologies, Inc.*, Case No. C-13-3826 EMC ("*O'Connor*"), which is currently pending before this Court. Accordingly, the Court's order in the *O'Connor* litigation granting, in part, Plaintiffs' "Renewed Emergency Motion for Protective Order to Strike Arbitration Clauses" does not apply to Plaintiff. (*O'Connor*, ECF No. 60.) As stated by the Court in the *O'Connor* litigation, it "will not regulate communications issued prior to the filing of this suit[.]" (*Id.* at 10.)

[3] Specifically, Plaintiff seeks civil penalties pursuant to PAGA for the following Labor Code violations: failure to provide wages upon termination, failure to provide accurate wage statements, failure to provide meal and rest breaks, failure to provide gratuities, failure to keep payroll records, failure to pay minimum wage and overtime and failure to reimburse for reasonably necessary business expenses. (FAC, ¶ 79.)

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108-2693
415.433.1940

DEF'S NOTICE OF MOTION TO COMPEL ARB; MPA IN SUPPORT THEREOF          5.          CASE NO. 3:14-CV-05241 EMC

Each of the foregoing claims is encompassed by the terms of the Arbitration Provision. Despite the existence of a valid and enforceable arbitration agreement, Plaintiff refused to abide by its terms by filing the instant action. He subsequently declined to stipulate to arbitration prior to the filing of this motion. (*See* Declaration of Emily O'Connor ("O'Connor Decl.") ¶¶ 2, 3.)

## III. THE COURT SHOULD ORDER PLAINTIFF TO ARBITRATE HIS CLAIMS ON AN INDIVIDUAL BASIS AND DISMISS OR STAY THE INSTANT SUIT

### A. The Federal Arbitration Act Applies To The Arbitration Provision.

As affirmed by the United States Supreme Court in *AT&T Mobility, LLC v. Concepcion*, 131 S. Ct. 1740, 1745 (2011) ("*Concepcion*"), the Federal Arbitration Act ("FAA") declares a liberal policy favoring the enforcement of arbitration policies, stating: "A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. In enacting the FAA, Congress sought to overcome widespread judicial hostility to the enforcement of arbitration agreements. *See Hall St. Assoc., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581 (2008); *see also Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006) (explaining that FAA was enacted "[t]o overcome judicial resistance to arbitration"). The Court explained that the FAA permits private parties to "trade[] the procedures . . . of the courtroom for the simplicity, informality, and expedition of arbitration." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 31 (1991) (citing *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628 (1985)).

The FAA is designed "to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22 (1983). To this end, the FAA not only placed arbitration agreements on equal footing with other contracts, but amounts to a "congressional declaration of a liberal federal policy favoring arbitration agreements." *Perry v. Thomas*, 482 U.S. 483, 489 (1987) (quoting *Moses H. Cone*, 460 U.S. at 24). As the Ninth Circuit has declared: "In our view, *Concepcion* crystalized the directive that **the FAA's purpose is to give preference (instead of mere equality) to arbitration**

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

DEF'S NOTICE OF MOTION TO COMPEL ARB; MPA IN SUPPORT THEREOF

6.

CASE NO. 3:14-CV-05241 EMC

1  *provisions*." *Mortensen v. Bresnan Comm., LLC*, 722 F. 3d 1151, 1160 (9th Cir. 2013) (emphasis

2  supplied).  In this regard, the FAA "eliminates district court discretion and requires the court to

3  compel arbitration of issues covered by the arbitration agreement." *Dittenhafer v. Citigroup*, 2010

4  U.S. Dist. LEXIS 77673 *5 (N.D. Cal. 2010) (citing *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S.

5  213, 218 (1985)) (upheld on appeal).

6        The Arbitration Provision at issue here is indisputably governed by the FAA.  First, the

7  Arbitration Provision so states, which is sufficient to bring it within the purview of the FAA.  *See*

8  *Buckeye Check Cashing*, 546 U.S. at 442-443 (Where arbitration agreement expressly provided that

9  FAA was to govern, the FAA preempted application of state law and thus under the FAA, the

10  question of the contract's validity was left to the arbitrator); *Mastrobuono v. Shearson Lehman*

11  *Hutton, Inc.*, 514 U.S. 52, 63-64 (1995) (For state law to apply exclusively to an arbitration

12  agreement, the agreement must opt out of the FAA and express that state law applies); *Cronus*

13  *Investments, Inc. v. Concierge Services,* 35 Cal. 4th 376, 394 (2005) (recognizing parties to an

14  arbitration agreement may expressly designate that the FAA's procedural provisions apply);

15  *Rodriguez v. American Technologies, Inc.*, 136 Cal. App. 4th 1110, 1115 (2006) (reversing lower

16  court's order denying defendant's motion to compel arbitration because the parties expressly agreed

17  that any arbitration proceeding would move forward under the FAA's procedural provisions and the

18  trial court therefore lacked discretion under state arbitration law to deny the motion).

19        Second, the Licensing Agreement within which the Arbitration Provision is contained affects

20  commerce.  The FAA's term "involving commerce" is interpreted broadly.  *See, e.g.*, *Citizens Bank*

21  *v. Alafabco, Inc.*, 539 U.S. 52, 56 (2003) (finding the requisite commerce for FAA coverage even

22  when the individual transaction did not have a substantial effect on commerce).  Uber's app is

23  available to riders and transportation providers in over 100 cities across the country.  (Colman Decl.,

24  ¶ 4.)  As a user of Uber's app, Plaintiff utilized its interstate reach and popularity as a tool to book

25  passengers in exchange for payment by the passenger.  Plaintiff's use of Uber's software application

26  therefore involved commerce sufficient for the FAA to apply.  The FAA controls here.

27        **B.      The Arbitration Provision Is Valid And Must Be Enforced.**

28        The FAA requires courts to compel arbitration "in accordance with the terms of the

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

1  agreement" upon the motion of either party to the agreement, consistent with the principle that

2  arbitration is a matter of contract.  9 U.S.C. § 4.  In determining whether to compel arbitration under

3  the FAA, only two "gateway" issues need to be evaluated: (1) whether there exists a valid agreement

4  to arbitrate between the parties; and (2) whether the agreement covers the dispute.  *Pacificare Health*

5  *Sys., Inc. v. Book*, 538 U.S. 401, 407 n.2 (2003); *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S.

6  79, 83-84 (2002);

7  "Any doubt concerning the scope of arbitrable issues should be resolved in favor of

8  arbitration."  *Simula, Inc. v. Autoliv, Inc.*, 175 F. 3d 716, 719 (9th Cir. 1999) (citing *Moses H. Cone*,

9  460 U.S. at 24-25).  "[T]he district court ***must*** order arbitration if it is satisfied that the making of the

10  agreement for arbitration is not in issue."  *Id.* at 719-720.  (Emphasis added.)

### 1.      The Arbitration Provision Delegates The Gateway Issues To The Arbitrator.

12  Before reaching these gateway issues, however, the Court must examine the underlying

13  contract to determine whether the parties have agreed to commit the threshold question of

14  arbitrability to the arbitrator.  *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 70 (2010) ("An

15  agreement to arbitrate a gateway issue is simply an additional antecedent agreement the party

16  seeking arbitration asks the court to enforce, and the FAA operates on this additional arbitration

17  agreement just as it does on any other.").  Here, the Arbitration Provision clearly and unmistakably

18  provides that the following matters must be decided by the arbitrator: "disputes arising out of or

19  relating to interpretation or application of this Arbitration Provision, including the enforceability,

20  revocability or validity of the Arbitration Provision or any portion of the Arbitration Provision."[4]

21  (Colman Decl., Ex. D at Section 14.3.i.)

23  Therefore, any question as to the validity of the Arbitration Provision and whether it applies

24  to this dispute has been delegated to, and must be decided by, the arbitrator.  Regardless, the two

25  gateway issues are plainly satisfied in this case.

---

[4] The Arbitration Provision does leave to the Court the limited question of whether the class and representative action waivers are enforceable.  (Colman Decl., Ex. D at Section 14.3(v)(c).)

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

## 2.      A Valid Agreement To Arbitrate Exists.

General contract law principles apply to the interpretation and enforcement of arbitration agreements. *First Options of Chicago v. Kaplan*, 514 U.S. 938, 944 (1995).   Arbitration can be denied only where a party proves a defense to enforcement of the agreement, such as unconscionability.  *Hoffman v. Citibank, N.A.*, 546 F. 3d 1078, 1082 (9th Cir. 2008) ("party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration"); *Pinnacle Museum Tower Assn. v. Pinnacle Market Development (US), LLC*, 55 Cal. 4th 223, 235 (2012) ("*Pinnacle Museum*").

To establish a defense to enforcement of the parties' arbitration agreement based on unconscionability, Plaintiff bears the burden of proving that the agreement is ***both*** procedurally and substantively unconscionable.  *Pinnacle Museum*, 55 Cal. 4th at 236, 247; *Armendariz v. Foundation Health Psychare Servs.*, 24 Cal. 4th 83, 89 (2000) ("No matter how heavily one side of the scale tips, both procedural and substantive unconscionabilty are required for a court to hold an arbitration agreement unenforceable.").  Procedural unconscionability "addresses the circumstances of contract negotiation and formation, focusing on oppression or surprise."  *Pinnacle Museum*, 55 Cal. 4th at 246.  Substantive unconscionability relates to "the fairness of the agreement's actual terms and to assessments of whether they are overly harsh or one-sided."  *Id.*

### a.      The Arbitration Provision is not procedurally unconscionable.

In order to book passengers using the Uber app, Plaintiff had to affirmatively accept, by electronic acknowledgment, the Licensing Agreement and Driver Addendum.  Uber provided ample notice and opportunity to review the Licensing Agreement or Driver Addendum – and thus the Arbitration Provision – before Plaintiff accepted.  Plaintiff was also expressly advised of his right to consult an attorney regarding the terms of the Arbitration Provision.  (Colman Decl., Ex. D at Section 14.3.viii.)

Plaintiff was even provided the opportunity to opt out of the Arbitration Provision set forth in the Licensing Agreement, even though there was no legal obligation to do so.  (*Id.*) Plaintiff's right to opt out of the Arbitration Provision is described in a standalone section of the Arbitration Provision with the underlined title "Your Right To Opt Out Of Arbitration."  (*Id.*)

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

DEF'S NOTICE OF MOTION TO COMPEL
ARB; MPA IN SUPPORT THEREOF                    9.                    CASE NO. 3:14-CV-05241 EMC

1   Neither the Arbitration Provision itself nor the section describing Plaintiff's right to opt out were

2   ambiguous, confusing or disguised.  *See McManus v. CIBC World Markets Corp.*, 109 Cal. App. 4th

3   76, 87 (2003) (procedural unconscionability focuses on whether there is "oppression" arising from

4   an inequality of bargaining power or "surprise" arising from buried terms in a complex printed

5   form).   The Arbitration Provision explained that arbitration was not a mandatory condition of

6   Plaintiff's contractual relationship with Uber and that there would be no retaliation if Plaintiff

7   elected to opt out.  (Colman Decl., Ex. D at Section 14.3.viii.)  After accepting the terms of the

8   Licensing Agreement and Driver Addendum, Plaintiff had 30 days to inform Uber of his desire to

9   opt out.[5]  (*Id.*)

10   Plaintiff had a choice – to opt out of the Arbitration Provision or not, and whatever he chose,

11   he could continue to have access to Uber's app to book passengers.  He declined to do so, and

12   having elected to arbitrate his individual claims, he must now be compelled to abide by that

13   agreement.  *See Johnmohammadi v. Bloomingdale's, Inc.*, 755 F. 3d 1072, 1074 (9th Cir. 2014) (by

14   not opting out within the 30-days, plaintiff is bound by the terms of the arbitration agreement); *see*

15   *also Circuit City Stores, Inc. v. Ahmed*, 283 F. 3d 1198, 1199-1200 (9th Cir. 2002) ("*Ahmed*")

16   (same); *Rosas v. Macy's Inc.*, 2012 WL 3656274, *6 (C.D. Cal. 2012) (same).

17   There is no procedural unconscionability where the agreement is not presented in a contract

18   of adhesion and the contracting party is provided a meaningful opportunity to opt out.  *See*

19   *Johnmohammadi*, 755 F. 3d at 1077; *Ahmed*, 283 F. 3d at 1199 (employee provided a meaningful

20   opportunity to opt out by mailing form within 30 days); *Circuit City Stores, Inc. v. Najd*, 294 F. 3d

21   1104, 1108 (9th Cir. 2002) (same).   The Arbitration Provision was not presented as a condition of

22   contracting or on a take-it-or-leave-it basis.  Rather, Plaintiff was afforded the opportunity to opt out

---

[5] The Court previously noted, albeit in the context of communications to putative class members after the filing of the *O'Connor* lawsuit, that the "opt out" method set forth in the Arbitration Provision—by hand or overnight delivery—was "extremely onerous."  (*O'Connor*, ECF No. 60 at 10.)  The method of opting out is largely irrelevant here, however, for a number of reasons.  First, there was no obligation on Uber's part to include an opt-out provision at all in order for the Arbitration Provision to be enforceable as to Plaintiff.  Second, in the City of San Francisco (where Plaintiff drove), delivery by "nationally recognized overnight delivery service" is as convenient as delivery by "first class mail with return receipt requested."  (*O'Connor*, ECF No. 60 at 10.)  According to FedEx's website, it has 47 office locations and 75 drop boxes within a 20 mile radius of San Francisco.  (O'Connor Decl., ¶ 4, http://local.fedex.com/ca/san-francisco/.)  FedEx is just one provider of national overnight delivery services.  Third, given that Plaintiff lived and provided car services in the City of San Francisco (*see* FAC, ¶¶ 7, 11), hand delivery is also not a particularly burdensome method of delivery.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

DEF'S NOTICE OF MOTION TO COMPEL          10.          CASE NO. 3:14-CV-05241 EMC
ARB; MPA IN SUPPORT THEREOF

1    of the Arbitration Provision by notifying Uber of his decision to opt out within 30 days.  There is
2    therefore no procedural unconscionability and the parties' agreement must be enforced.

3              **b.      The Arbitration Provision is not substantively unconscionable.**

4              Even if there was some modicum of procedural unconscionability (and here Plaintiff cannot
5    even meet that threshold), Plaintiff must prove a high level of substantive unconscionability to avoid
6    arbitration.  *Pinnacle Museum*, 55 Cal. 4th at 247.  He cannot do so here.

7              In *Armendariz*, 24 Cal. 4th at 102, the California Supreme Court found that mandatory
8    arbitration agreements for ***employees*** must meet various requirements in order to be valid and
9    enforceable.  The question of the nature of the relationship between Plaintiff and Uber is an issue
10   central to this case and one explicitly covered by the Arbitration Provision as it is a dispute "related
11   to [Plaintiff's] relationship with Uber."  (Colman Decl., Ex. D at Section 14.3.i.)  Given that the
12   *Armendariz* decision addressed employee arbitration agreements, the judicially imposed factors
13   necessarily do not apply here unless and until Plaintiff can demonstrate he was an employee, rather
14   than an independent contractor as set forth in the Licensing Agreement and Driver Addendum.
15   Accordingly, should Plaintiff argue that the Arbitration Provision is unenforceable under
16   *Armendariz*, that question of enforceability ***is for the arbitrator to decide***, particularly in light of the
17   Arbitration Provision's delegation clause.  (Colman Decl., Ex. D at Section 14.3.i); *see also Rent-A-*
18   *Center, W., Inc.*, 561 U.S. at 70 (upholding arbitration agreement's provision delegating to the
19   arbitrator the gateway issue of enforceability); *Buckeye Check Cashing*, 546 U.S. at 446 ("the issue
20   of the contract's validity is considered by the arbitrator in the first instance.").

21             Regardless, it is questionable whether *Armendariz* survived the United States Supreme
22   Court's decision in *Concepcion*, which limits a state's ability to impose conditions on the
23   enforceability of arbitration agreements that effectively discourage arbitration, such as applying
24   more stringent unconscionability standards than those applicable to contracts in general.[6]

25   ───────────────────
[6] The Court in *Concepcion* explained that even rules applying general principles of unconscionability undermine the
26   FAA if they "have a disproportionate impact on arbitration agreements."  *Concepcion*, 131 S. Ct. at 1747.  In this regard,
     as noted by the California Court of Appeal in *Nelsen v. Legacy Partners Residential, Inc.,* 207 Cal. App. 4th 1115, 1136
27   (2012), "*Concepcion* adopts a sweeping rule of FAA preemption.  Under *Concepcion*, the FAA preempts any rule or
     policy rooted in state law that subjects agreements to arbitrate particular kinds of claims to more stringent standards of
28   enforceability than contracts generally."  The restrictions established by *Armendariz* fall within this category of
     restrictions precluded by the FAA.  In this same vein, recently the United States Supreme Court confirmed that a state

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

DEF'S NOTICE OF MOTION TO COMPEL          11.          CASE NO. 3:14-CV-05241 EMC
ARB; MPA IN SUPPORT THEREOF

***Even if*** *Armendariz* applies here, which Defendant maintains that it does not, the Arbitration Provision complies with *Armendariz* and Plaintiff cannot demonstrate substantive unconscionability. *Armendariz* holds that an agreement to arbitrate non-waivable statutory claims is enforceable if both parties are equally bound by all terms of the agreement and if it: (1) provides for a neutral arbitrator; (2) provides for adequate discovery; (3) provides for all types of relief otherwise available in court; (4) provides for a written arbitration award; and (5) provides that Plaintiff would not be required to pay either unreasonable costs of any arbitrator's fees or expenses as a condition of access to the arbitration forum.  24 Cal. 4th at 102, 117.  The Arbitration Provision meets all of the *Armendariz* factors:

- It provides for a neutral arbitrator: "The Arbitrator shall be selected by mutual agreement of Uber and You.  Unless You and Uber mutually agree otherwise, the Arbitrator will be an attorney licensed to practice in the location where the arbitration proceeding will be conducted or a retired federal or state judicial officer who presided in the jurisdiction where the arbitration will be conducted." (Colman Decl., Ex. D at Section 14.3.iii.)

- It provides for adequate discovery: "In arbitration, the Parties will have the right to conduct adequate civil discovery, bring dispositive motions, and present witnesses and evidence as needed to present their cases and defenses."  (*Id*., Ex. A at Section 14.3.v.)

- It provides for a written decision: "The Arbitrator will issue a decision or award in writing, stating the essential findings of fact and conclusion of law." (*Id*., Ex. A at Section 14.3.vii.)

- It does not limit statutorily available remedies: "The Arbitrator may award any party any remedy to which that party is entitled under applicable law…no remedies that

---

may not frustrate the FAA on public policy grounds.  *See Marmet Health Care Ctr., Inc. v. Brown*, 132 S. Ct. 1201, 1203 (2012) (state public policy cannot defeat the FAA's pro-arbitration policy or its preemptive effect).  *Armendariz*'s fairness factors were born from public policy concerns – namely whether arbitration could properly vindicate nonwaivable statutory rights.  In this regard, the California Supreme Court in *Armendariz* established minimum criteria to be forced on the parties in determining the validity of an arbitration agreement related to non-waivable statutory claims in the employment context.  However, *Concepcion* and *Marmet* make clear, that such imposed limitations run afoul of the FAA.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

12.

1    otherwise would be available to an individual in a court of law will be forfeited by

2    virtue of this Arbitration Provision." (*Id.*, Ex. A at Section 14.3.vii.)

3    • It requires Uber to pay for arbitration: "[I]n all cases where required by law, Uber

4    will pay the Arbitrator's and arbitration fees." (*Id.*, Ex. A at Section 14.3.vi.)

5    *Armendariz* also states that arbitration agreements must have a "modicum of bilaterality" to

6    avoid a finding of substantive unconscionability. *Armendariz*, 24 Cal. 4th at 116-117. Here, the

7    Arbitration Provision is fully bilateral and a mutual waiver of rights. Under the circumstances,

8    Plaintiff cannot show the requisite substantive unconscionability needed to avoid his contractual

9    obligation.

10    **3.    Plaintiff's Claims Are Covered By The Arbitration Agreement.**

11    The second gateway issue is whether the arbitration agreement covers the dispute between

12    the parties. *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 280 (2002); *Moses H. Cone*, 460 U.S. at 24-

13    25 ("any doubts concerning the scope of arbitrable issues should be resolved in favor of

14    arbitration"). Here, Plaintiff unequivocally agreed to arbitrate each of his claims against Uber.

15    In his First through Seventh Causes of Action, Plaintiff claims Uber unlawfully procured his

16    background report and thereafter terminated his relationship with Uber in violation of the FCRA and

17    ICRAA. Plaintiff agreed to arbitrate these claims because the Arbitration Provision covers ***any***

18    ***dispute*** arising out of or related to the Licensing Agreement as well as ***any dispute*** arising out of or

19    related to Plaintiff's relationship with Uber, including termination of the relationship. (Colman

20    Decl., Ex. A at Section 14.3.i.)

21    Plaintiff's Eighth Cause of Action for PAGA penalties is based on the assertion that Plaintiff

22    suffered various California Labor Code violations as a result of his alleged misclassification as an

23    independent contractor. This claim is also unambiguously covered by the Arbitration Provision.

24    The Licensing Agreement states that the Arbitration Provision applies "without limitation, to

25    disputes regarding any city, county, ***state or federal wage-hour law***, trade secrets, unfair

26    competition, ***compensation, breaks and rest periods, expense reimbursement***, termination,

27    harassment…" (Colman Decl., Ex. D, Section 14.3.i.)

28    Based on the foregoing language, there is no dispute that the Arbitration Provision covers

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

DEF'S NOTICE OF MOTION TO COMPEL
ARB; MPA IN SUPPORT THEREOF

13.

CASE NO. 3:14-CV-05241 EMC

1  Plaintiff's FCRA and ICRAA claims as well as his wage and hour claims under the California Labor

2  Code.  *See Cronin v. Citifinancial Servs.,* 352 Fed. Appx. 630, 636-637 (3rd Cir. 2009)  (appellate

3  court confirmed district court's granting of defendant's motion to compel individual arbitration

4  following conclusion that arbitration agreement was valid and enforceable and applied to plaintiff's

5  FCRA claims); *Yaqub v. Experian Info. Solutions, Inc.,* 2011 U.S. Dist. LEXIS 156427, *7, 16 (C.D.

6  Cal. 2011) (Court enforced arbitration agreement and compelled individual arbitration of Plaintiff's

7  FCRA claims).  Thus, a valid agreement to arbitrate exists between Plaintiff and Uber that covers

8  each and every claim asserted by Plaintiff in the FAC.  Where there is a valid agreement to arbitrate

9  and the dispute falls within the scope of the agreement, the FAA requires that the Court order the

10  parties to arbitrate in accordance with the terms of the agreement.  *See* 9 U.S.C. § 4; *Bencharsky v.*

11  *Cottman Transmission Sys., LLC*, 625 F. Supp. 2d 872, 876 (N.D. Cal. 2008).  Here, the Arbitration

12  Provision requires that Plaintiff pursue his claims in individual arbitration only.

13  **C.  Plaintiff's Class Claims Cannot Proceed.**

14  The Court must dismiss Plaintiff's class claims and order the parties to arbitrate Plaintiff's

15  First through Fourth Causes of Action solely on an individual basis.  It is now well settled in

16  California that class action waivers are enforceable.  *Johnmohammadi*, 755 F. 3d at 1074

17  ("Johnmohammadi can't argue that the class-action waiver is unenforceable under California law.");

18  *accord Iskanian v. CLS Transportation Los Angeles, LLC*, 59 Cal. 4th 348, 359-60 (2014) (enforcing

19  class waiver and finding California law to the contrary is preempted by the FAA).

20  As the Supreme Court confirmed in *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S.

21  662, 664 (2010), it is improper to force a party into a class proceeding to which it did not agree,

22  because arbitration "is a matter of consent."  Parties "may specify *with whom* they choose to

23  arbitrate their disputes." *Id.* at 683.  (Emphasis in original.)  As such, "a party may not be compelled

24  under the FAA to submit to class arbitration unless there is a contractual basis for concluding that

25  the party agreed to do so." *Id.* at 684.  *Accord*, *Murphy v. DirectV, Inc.*, 724 F. 3d 1218, 1226 (9th

26  Cir. 2013) ("Section 2 of the FAA, which under *Concepcion* requires the enforcement of arbitration

27  agreements that ban class procedures, is the law of California and of every other state."); *accord*

28  *Kairy v. Supershuttle, Int'l*, 2012 U.S. Dist. LEXIS 134945, *16-19 (N.D. Cal. 2012) ("…courts

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

DEF'S NOTICE OF MOTION TO COMPEL
ARB; MPA IN SUPPORT THEREOF

14.

CASE NO. 3:14-CV-05241 EMC

must compel arbitration even in the absence of the opportunity for plaintiffs to bring their claims as a class action"); *Morvant v. P.F. Chang's China Bistro, Inc.*, 870 F. Supp. 2d 831, 846 (N.D. Cal. 2012) (finding *Concepcion* overruled *Gentry* and no longer precludes enforcement of class action waivers in arbitration agreements).

Here, the Arbitration Provision contains a valid class action waiver: "[t]here will be no right or authority for any dispute to be brought, heard or arbitrated as a class . . . action." (Colman Decl., Ex. D at Section 14.3.v(a).)  Accordingly, Plaintiff cannot proceed with his class claims before this Court or in arbitration.

### D. Plaintiff's PAGA Claim Should Be Ordered To Arbitration On An Individual Basis Or, In The Alternative, Stayed.

Plaintiff's PAGA claim must also be compelled to arbitration on an individual basis.  The Arbitration Provision expressly precludes arbitration of Plaintiff's representative PAGA claims, stating: "[t]here will be no right or authority for any dispute to be brought, heard or arbitrated as a . . . private attorney general representative action," Plaintiff's representative claim cannot stand. (Colman Decl., Ex. D at Section 14.3.v(c).)  "Because arbitration of representative PAGA claims would fundamentally change the nature of arbitration, it cannot be presumed that the parties consented to arbitration of representative PAGA claims simply because they agreed to submit their dispute to an arbitrator."  *Chico v. Hilton Worldwide, Inc.,* 2014 U.S. Dist. LEXIS 147752, *32 (C.D. Cal. 2014) (citing *Stolt-Nielsen, supra,* 559 U.S. at 685).  Such claims can only proceed in binding arbitration if the parties consented to arbitrate them, and the parties have not done so here.

Whether Plaintiff has a colorable claim under PAGA as an "aggrieved employee" is subject to a central issue in this case to be decided by the arbitrator, namely, whether Plaintiff is an employee or independent contractor.  (Colman Decl., Ex. D at Section 14.3.i. ["this Arbitration Provision also applies, without limitation, to…disputes arising out of or related to Your relationship with Uber."])

### 1. The FAA Preempts *Iskanian*'s Holding Prohibiting The Waiver Of Representative PAGA Claims.

Plaintiff will argue that any limitation on his ability to pursue his PAGA claim in a judicial forum is untenable under the California Supreme Court's recent decision in *Iskanian v. CLS*

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

DEF'S NOTICE OF MOTION TO COMPEL ARB; MPA IN SUPPORT THEREOF

15.

CASE NO. 3:14-CV-05241 EMC

1   *Transportation Los Angeles, LLC.*, *supra*, 59 Cal. 4th 348.   In *Iskanian*, the California Supreme

2   Court held that an employee's right to bring a representative PAGA claim is not waivable and that

3   any purported waiver in an arbitration agreement is unenforceable as a matter of state law.   *Id.* at

4   383.

5          Uber submits that *Iskanian* is incorrect on the PAGA issue and is not binding on this Court.

6          First, the Arbitration Provision is governed by federal law, and this Court is not bound in this

7   context by California decisions.  *See Local Union 598, Plumbers & Pipefitters Indus. Journeymen &*

8   *Apprentices Training Fund v. J.A. Jones Constr. Co.,* 846 F. 2d 1213, 1218 (9th Cir. 1988)

9   ("Preemption is a question of federal law ...."); *United States v. Nev. Tax Comm'n,* 439 F. 2d 435,

10  439 (9th Cir. 1971) (noting that "decisions of the states are not binding" on "question[s] of federal

11  law").

12         Indeed, the Supreme Court's decision in *Concepcion* is controlling on this point.  As the

13  Court explained: "When state law prohibits outright the arbitration of a particular type of claim, the

14  analysis is straight forward: The conflicting rule is displaced by the FAA."  131 S. Ct. at 1747; *see*

15  *also Marmet Health Care Ctr., Inc.,* 132 S. Ct. at 1203.  The *Concepcion* Court specifically noted

16  that "the judicial hostility towards arbitration that prompted the FAA has manifested itself in a 'great

17  variety' of 'devices and formulas' declaring arbitration against public policy." *Concepcion,* 131 S.

18  Ct. at 1747-1748.  Over a dissent that argued the *Discover Bank* rule concerning class waivers in

19  arbitration agreements could be necessary to "prosecute small-dollar claims that might otherwise slip

20  through the legal system," the Court held that "States cannot require a procedure that is inconsistent

21  with the FAA, even if it is desirable for unrelated reasons."  *Id.* at 1753.

22         This holding reaffirmed the U.S. Supreme Court's consistent position that the FAA preempts

23  all otherwise applicable or conflicting state laws, pursuant to the Supremacy Clause.  U.S. CONST.

24  art. VI, cl. 2.  *See Preston v. Ferrer*, 552 U.S. 346, 356-357 (2008); *Southland Corp. v. Keating*, 465

25  U.S. 1, 10 (1984); *see also Mastrobuono*, 514 U.S. at 62 ("[W]hen a court interprets such provisions

26  in an agreement covered by the FAA, due regard must be given to the federal policy favoring

27  arbitration, and ambiguities as to the scope of the arbitration clause itself resolved in favor of

28  arbitration.").

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

DEF'S NOTICE OF MOTION TO COMPEL
ARB; MPA IN SUPPORT THEREOF
16.
CASE NO. 3:14-CV-05241 EMC

1    Both before and after *Iskanian*, many district courts within the Ninth Circuit have determined

2    that the FAA preempts California's rule prohibiting the waiver of representative PAGA claims.[7]   For

3    example, in *Fardig v. Hobby Lobby Stores, Inc.,* the court maintained that "Even in light of *Iskanian*,

4    ***the Court continues to hold that the rule making PAGA claim waivers unenforceable is preempted***

5    ***by the FAA***."   2014 U.S. Dist. LEXIS 139359, *10-11 (C.D. Cal. Aug. 11, 2014) (emphasis

6    supplied); *see also Ortiz v. Hobby Lobby Stores, Inc.*, 2014 U.S. Dist. LEXIS 140552, *25 (E.D. Cal.

7    Oct. 1, 2014) ("Despite the holding of the California Supreme Court, federal law is clear that a state

8    is without the right to interpret the appropriate application of the FAA.   District courts within the

9    Ninth Circuit have generally held that PAGA claims are subject to Arbitration Agreements and any

10   waiver clauses within those agreements."); *Chico*, 2014 U.S. Dist. LEXIS 147752, *32-34 (rejecting

11   the holding of *Iskanian* and concluding "that the FAA preempts California's rule against PAGA

12   waivers"); *Langston v. 20/20 Cos.*, 2014 U.S. Dist. LEXIS 151477, *20 (C.D. Cal. Oct. 17, 2014)

13   (rejecting the holding of *Iskanian* and holding that the "FAA preempts California's rule against

14   arbitration agreements that waive an employee's right to bring representative PAGA claims").

15   These cases faithfully adhere to controlling Supreme Court and Ninth Circuit precedent, and

16   *Iskanian*, a state decision, is not controlling on matters of federal preemption, as these cases also

17   hold.

18          **2.      Because Plaintiff Was Provided The Opportunity To Opt Out Of The
                       Arbitration Provision, *Iskanian* Does Not Apply.**

19

20          Regardless, *Iskanian* is distinguishable because there the arbitration agreement was

21   mandatory, whereas here Plaintiff had the right to opt out.   The California Supreme Court repeatedly

22   emphasized in *Iskanian* that its ruling is limited to employment arbitration agreements ***that are a***

23   ***mandatory condition of employment***.   In other words, a PAGA representative waiver violates public

---

[7] *See, e.g., Asfaw v. Lowe's HIW, Inc.,* 2014 U.S. Dist. LEXIS 68657, *23-28 (C.D. Cal. May 13, 2014); *Appelbaum v. AutoNation Inc.*, 2014 U.S. Dist. LEXIS 50588, *30-33 (C.D. Cal. Apr. 8, 2014); *Parvateneni v. E*Trade Financial Corp.*, 967 F. Supp. 2d 1298, 1305 (N.D. Cal. 2013); *Velazquez v. Sears, Roebuck and Co.*, 2013 U.S. Dist. LEXIS 121400, *15-16 (S.D. Cal. Aug. 23, 2013); *Andrade v. P.F. Chang's China Bistro, Inc.*, 2013 U.S. Dist. LEXIS 112759, *27-32 (S.D. Cal. Aug. 9, 2013); *Miguel v. JP Morgan Chase Bank, N.A.*, 2013 U.S. Dist. LEXIS 16865, *25-28 (C.D. Cal. Feb. 5, 2013); *Quevedo v. Macy's Inc.*, 798 F. Supp. 2d 1122, 1140-42 (C.D. Cal. 2011).

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

DEF'S NOTICE OF MOTION TO COMPEL     17.     CASE NO. 3:14-CV-05241 EMC
ARB; MPA IN SUPPORT THEREOF

1  policy only when it is forced upon an employee in exchange for employment:

2  - "As explained below, we conclude that an arbitration agreement ***requiring an***
3    ***employee as a condition of employment*** to give up the right to bring representative
4    PAGA actions in any forum is contrary to public policy." *Iskanian*, 59 Cal. 4th at
5    360 (emphasis added).

6  - "Of course, employees are free to choose whether or not to bring PAGA actions when
7    they are aware of Labor Code violations.  But it is contrary to public policy for an
8    employment agreement to ***eliminate this choice*** altogether by ***requiring*** employees to
9    waive the right to bring a PAGA action before any dispute arises." *Id.* at 383
10   (emphasis added).

11  - "We conclude that where, as here, an employment agreement ***compels*** the waiver of
12   representative claims under the PAGA, it is contrary to public policy and
13   unenforceable as a matter of state law." *Id.* at 384 (emphasis added).

14  - "Of course, any employee is free to forgo the option of pursuing a PAGA action. But
15   it is against public policy for an employment agreement to ***deprive employees of this***
16   ***option altogether***, before any dispute arises." *Id.* at 387 (emphasis added).

17         Thus, the California Supreme Court did not address whether a PAGA representative waiver

18  violates public policy where it is not a mandatory condition of "employment."  Here, Plaintiff could

19  continue to access Uber's app to book passengers, regardless of whether he chose to opt-out of the

20  Arbitration Provision or not.  Once it is, as it must be, concluded that Plaintiff had a choice, *Iskanian*

21  simply does not apply.  *See People v. Johnson*, 53 Cal. 4th 519, 528 (2012); *People v. Harris*, 47

22  Cal. 3d 1047, 1071 (1989) ("It is axiomatic, of course, that a decision does not stand for a

23  proposition not considered by the court"); *People v. Myers*, 43 Cal. 3d 250, 265, fn. 5 (1987) ("It is

24  well established, of course, that a decision is not authority for propositions that were not considered

25  in the court's opinion").

26         Indeed, on the same day *Iskanian* was decided, the Ninth Circuit in *Johnmohammadi* held

27  that an employee is not coerced to waive a right to file a class action where the employee had a

28  choice to accept the arbitration agreement. *Johnmohammadi*, 755 F. 3d at 1076. *Johnmohammadi's*

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

holding, distinguishing mandatory from non-mandatory agreements, shows that Plaintiff's agreement to arbitrate is wholly distinguishable from the type of agreement *Iskanian* addressed in its holding.

Because the *Iskanian* Court did not address the enforceability of non-mandatory arbitration agreements, this Court is free to address the issue in light of United States Supreme Court precedent. This was explained by the California Supreme Court in *Johnson*. In that case, the appellant argued that the trial court failed to apply the rule in *Auto Equity Sales* that decisions of the California Supreme Court are binding on all California courts. *Johnson*, 53 Cal. 4th at 527-528. The California Supreme Court rejected appellant's argument because its prior decisions did not address the specific issue in dispute. *Id.* The California Supreme Court explained that in such a situation, "a lower court does not violate *Auto Equity Sales* [citation omitted] merely by deciding questions of first impression." *Id.* Controlling U.S. Supreme Court precedent requires enforcement of the parties' agreement, as written, and therefore the class and PAGA waivers must be enforced.

Because Plaintiff's arbitration agreement with Uber does not allow arbitration on a representative basis, Plaintiff's PAGA claim should be ordered to arbitration on an individual basis only. Should the Court conclude that Plaintiff is entitled to pursue his PAGA claim on a representative basis, Uber requests that this Court stay litigation of that claim pending arbitration of Plaintiff's other claims. 9 U.S.C. § 3 (when the court finds that any action "is referable to arbitration under [an arbitration agreement], [the court] shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement.").

## IV.   CONCLUSION

Plaintiff agreed to arbitrate on an individual basis any and all claims arising from his contractual relationship with Uber pursuant to the Arbitration Provision. The Arbitration Provision is valid and enforceable. Accordingly, Uber respectfully requests that the Court compel Plaintiff to arbitrate his claims on an individual basis and dismiss his class and representative claims. Alternatively, should the Court conclude that Plaintiff is entitled to pursue his PAGA claim on a representative basis, Uber requests that the Court stay litigation of the representative claim pending arbitration of Plaintiff's other claims.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

DEF'S NOTICE OF MOTION TO COMPEL
ARB; MPA IN SUPPORT THEREOF

19.

CASE NO. 3:14-CV-05241 EMC

1   Dated: January 23, 2015

2

3                                        */s/ Andrew M. Spurchise*
                                         JOHN C. FISH, Jr.
4                                        ROD M. FLIEGEL
                                         ANDREW M. SPURCHISE
5                                        LITTLER MENDELSON, P.C.
                                         Attorneys for Defendant
6                                        UBER TECHNOLOGIES, INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

DEF'S NOTICE OF MOTION TO COMPEL
ARB; MPA IN SUPPORT THEREOF            20.            CASE NO. 3:14-CV-05241 EMC