THEODORE J. BOUTROUS JR., SBN 132099
tboutrous@gibsondunn.com
MARCELLUS MCRAE, SBN 140308
mmcrae@gibsondunn.com
DEBRA WONG YANG, SBN 123289
dwongyang@gibsondunn.com
THEANE EVANGELIS, SBN 243570
tevangelis@gibsondunn.com
DHANANJAY S. MANTHRIPRAGADA, SBN 254433
dmanthripragada@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

JOSHUA S. LIPSHUTZ, SBN 242557
jlipshutz@gibsondunn.com
KEVIN RING-DOWELL, SBN 278289
kringdowell@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

JOHN C. FISH, JR., SBN 160620
jfish@littler.com
ROD M. FLIEGEL, SBN 168289
rfliegel@littler.com
ANDREW M. SPURCHISE, SBN 245998
aspurchise@littler.com
LITTLER MENDELSON, P.C.
650 California Street, 20th Floor
San Francisco, California 94108.2693
Telephone: 415.433.1940
Facsimile: 415.399.8490

Attorneys for Defendant UBER TECHNOLOGIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD GILLETTE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.; a California corporation; and DOES 1-20, inclusive,<br><br>Defendant. | Case No. 3:14-cv-05241 EMC<br><br>**DEFENDANT UBER TECHNOLOGIES, INC.'S MOTION TO STAY PENDING APPEAL**<br><br>Hearing Date: July 30, 2015<br><br>Time: 1:30 p.m.<br><br>Location: Courtroom 5 |

# NOTICE OF MOTION AND MOTION TO STAY

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

**PLEASE TAKE NOTICE THAT** on July 30, 2015, at 1:30 p.m., or as soon as the matter may be heard before the Honorable Edward M. Chen in Courtroom 5 of the United States District Court for the Northern District of California in the San Francisco Courthouse, Seventeenth Floor, 450 Golden Gate Avenue, San Francisco, California, Defendant Uber Technologies, Inc. will and does move this Court for an order granting its Motion to Stay Pending Appeal.

Defendant moves the Court to stay all proceedings in the district court pending appeal of the Court's June 9, 2015 Order Denying Defendants' Motion to Compel Arbitration (Dkt. No. 48). Defendant's motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, all pleadings and papers on file in this action, and such other argument and evidence as may be presented to this Court prior to or at the hearing on this matter.

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ........................................................................................................... 1

II. BACKGROUND ............................................................................................................. 1

III. LEGAL STANDARD ..................................................................................................... 2

IV. ARGUMENT .................................................................................................................. 3

    A. Uber's Appeal Is Likely To Succeed On The Merits ......................................... 3

        1. <u>Whether the Agreements clearly and unmistakably delegate arbitrability issues to the arbitrator.</u> ................................................... 3

        2. <u>Whether the delegation provision and/or Arbitration Agreements as a whole are unconscionable under California law.</u> ............................... 5

    B. Uber Will Suffer Irreparable Harm Absent A Stay ............................................ 8

    C. Plaintiff Will Suffer No Harm Should The Court Stay Proceedings. ................ 9

    D. The Public Interest Favors A Stay. .................................................................... 9

V. CONCLUSION .............................................................................................................. 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*American Express Co. v. Italian Colors Restaurant,*
 133 S. Ct. 2304 (2013) .................................................................................................. 3, 6, 8, 9

*Anderson v. Pitney Bowes, Inc.*,
 No. C 04-4808 SBA, 2005 WL 1048700 (N.D. Cal. May 4, 2005) ................................................ 5

*Ariza v. Autonation, Inc.*, 317 F. App'x 662, 663 (9th Cir. 2009) ........................................................... 4

*AT&T Mobility LLC v. Concepcion*,
 131 S. Ct. 1740 (2011) ............................................................................................................ 1, 6

*Batory v. Sears, Roebuck & Co.*,
 124 F. App'x 530 (9th Cir. 2005) .............................................................................................. 5

*Bernal v. S.W. & Pac. Specialty Fin., Inc.*,
 Case No: C 12-05797 SBA 2014 WL 1868787 (N.D. Cal. May 3, 2014) ...................................... 4

*Boghos v. Certain Underwriters at Lloyd's of London*,
 36 Cal. 4th 495 (2005) ............................................................................................................... 4

*Britton v. Co-op Banking Grp.*,
 916 F.2d 1405 (9th Cir. 1990) ................................................................................................ 2, 3

*Brown v. MHN Gov't Servs., Inc.*,
 Case No. C 14-1449 SI, 2014 WL 2472094 (N.D. Cal. June 3, 2014) ......................................... 2

*Chung v. Nemer PC*,
 No. C 12-4608 PJH, 2012 WL 5289414 (N.D. Cal. Oct. 25, 2012) ............................................. 4

*Circuit City Stores, Inc. v. Ahmed*,
 283 F.3d 1198 (9th Cir. 2002) ..................................................................................................... 5

*Circuit City Stores, Inc. v. Najd*,
 294 F.3d 1104 (9th Cir. 2002) ..................................................................................................... 5

*Cote v. Barclays Bank Del.*,
 No. 14cv2370-GPC-JMA, 2015 WL 251217 (S.D. Cal. Jan. 20, 2015) ........................................ 5

*Fallo v. High-Tech Inst.*,
 599 F.3d 874 (8th Cir. 2009) ....................................................................................................... 4

*Gilbert v. Bank of Am.*,
 No. C 13-01171 JSW, 2015 WL 1738017 (N.D. Cal. Apr. 8, 2015) ............................................ 7

*Gilmer v. Interstate/Johnson Lane Corp.*,
 500 U.S. 20 (1991) .................................................................................................................... 10

*Hernandez v. DMSI Staffing, LLC*,
 -- F. Supp. 3d --, 2015 WL 458083 (N.D. Cal. 2015) .................................................................. 7

**TABLE OF AUTHORITIES**
(continued)

Page(s)

*Hill v. Anheuser-Busch InBev Worldwide, Inc.*,
  CV 14-6289 PSG (VBKx), 2014 U.S. District LEXIS 168947 (C.D. Cal. Nov. 26, 2014) ........... 4

*Himebaugh v. Smith*,
  476 F. Supp. 502 (C.D. Cal. 1978) ................................................................................................ 1

*Int'l Ass'n of Machinsts & Aerospace Workers v. Aloha Airlines*,
  776 F.2d 812 (9th Cir. 1985) ........................................................................................................ 8

*Iskanian v. CLS Transp. L.A., LLC*,
  327 P.3d 129 (Cal. 2014) ............................................................................................................. 7

*Jose Sierra v. Oakley Sales Corp.*,
  Case No. 13-55891 ....................................................................................................................... 7

*Kaltwasser v. Cingular Wireless, LLC*,
  2010 WL 2557379 (N.D. Cal. June 21, 2010) ............................................................................. 8

*Kilgore v. KeyBank Nat'l Ass'n*,
  718 F.3d 1052 (9th Cir. 2013) (en banc) ..................................................................................... 5

*Krause v. Barclays Bank Del.*,
  No. 12-cv-1734-MCE-AC, 2013 WL 6145261 (E.D. Cal. Nov. 21, 2013) .................................. 5

*Leiva-Perez v. Holder*,
  640 F.3d 962 (9th Cir. 2011) ........................................................................................... 2, 3, 5, 6, 7

*Madgrigal v. AT&T Wireless Servs., Inc.*,
  No. 1:09-CV-0033-OWW-MJS, 2010 WL 5343299 (E.D. Cal. Dec. 20, 2010) ........................... 7

*Mercadante v. XE Servs.*, LLC,
  No. CV 11-1044 (CKK), 2015 WL 186966 (D.D.C. Jan. 15, 2015) ............................................ 7

*Michael Hopkins v. BCI Coca-Cola Bottling Co. of L.A.*,
  Case No. 13-56126 ....................................................................................................................... 7

*Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*,
  460 U.S. 1 (1983) ......................................................................................................................... 9

*Mundi v. Union Security Life Ins. Co.*,
  No. CV-F-06-1493 OWW/TAG, 2007 WL 2385069 (E.D. Cal. Aug. 17, 2007) ..................... 9, 10

*Nken v. Holder*,
  556 U.S. 418 (2009) ..................................................................................................................... 2

*O'Connor v. Uber Techn, Inc.*,
  No. C-13-3826, Order in Part Approving Defs.' Corrective Notices (N.D. Cal. May 29,
  2014) ............................................................................................................................................ 6

*Pokorny v. Quixtar Inc.*,
  No. 07-00201 SC, 2008 WL 1787111 (N.D. Cal. Apr. 17, 2008) ....................................... 8, 9, 10

# TABLE OF AUTHORITIES
(continued)

Page(s)

*Roe v. SFBSC Mgmt., LLC*,
　Case No. 14-cv-03616-LB, 2015 WL 1798926 (N.D. Cal. Apr. 17, 2015) .............................. 2, 8

*Sakkab v. Luxottica Retail N. Am.*,
　Case No. 13-55184) ................................................................................................................. 7

*Shady Grove Orthopedic Assocs. v. Allstate Ins.*,
　559 U.S. 393 (2010) ................................................................................................................ 9

*Steiner v. Apple Computer, Inc.*,
　No. C 07-04486, 2008 WL 1925197 (N.D. Cal. Apr. 29, 2008) .......................................... 1, 3

*Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*,
　559 U.S. 662 (2010) ............................................................................................................. 8, 9

*Tiri v. Lucky Chances, Inc.*,
　226 Cal. App. 4th 231 (2014) ................................................................................................. 5

*Universal Prot. Serv., L.P. v. Super. Ct.*,
　234 Cal. App. 4th 1128 (2015) ............................................................................................... 5

*Winig*, 2006 WL 3201047, at *3 ..................................................................................................... 10

*Womack v. Career Educ. Corp.*,
　No. 4:11-CV-1003 RWS, 2011 WL 6010912 (E.D. Mo. Dec. 2, 2011) .................................. 7

*Zaborowski v. MHN Gov't Servs.*,
　No. C 12-05109 SI, 2013 WL 1832638 (N.D. Cal. May 1, 2013) .......................................... 8

*Zenelaj v. Handyrook, Inc.*,
　No. 14-cv-05449, 2015 WL 971320 (N.D. Cal. Mar. 3, 2015) ............................................... 4

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Defendant Uber Technologies, Inc. ("Uber") respectfully requests that this Court stay all proceedings in this matter pending Uber's appeal to the U.S. Court of Appeals for the Ninth Circuit of this Court's Order Denying Defendant's Motions to Compel Arbitration ("Order," Dkt. No. 48). Allowing the district court proceedings to continue while Uber's appeal is pending would deprive Uber and many of the putative class members—those who, like Plaintiff, agreed to be bound by the arbitration agreements at issue—of the "efficient, streamlined" arbitration process to which they agreed to refer their disputes. *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1749 (2011). Moreover, Plaintiff will not suffer any prejudice from a stay—a stay will merely ensure that his claims are adjudicated in the proper forum. For these reasons, "almost every California district court to recently consider whether to stay a matter, pending appeal of an order denying a motion to stay arbitration, has issued a stay." *See Steiner v. Apple Computer, Inc.*, No. C 07-04486, 2008 WL 1925197, at *5 (N.D. Cal. Apr. 29, 2008) (citing cases).

Alternatively, Uber requests a temporary stay of this action to allow Uber time to move the Ninth Circuit for a stay. *See, e.g.*, *Himebaugh v. Smith*, 476 F. Supp. 502, 511 (C.D. Cal. 1978) (granting temporary stay "to allow the parties and the Court of Appeals to more orderly prepare and consider a motion to stay") (citations omitted).

### II. BACKGROUND

Prior briefing sets forth the relevant facts in detail. *See, e.g.*, Def.'s Notice of Mot. & Mot. to Compel Arb. at 2-7 (Dkt. No. 16) ("Def.'s Mot. to Compel"); Decl. of Michael Colman ISO Mot. to Compel (Dkt. No. 16-2) ("Colman Decl."). In short, Plaintiff Ronald Gillette began using the Uber app on or around July 13, 2013. Colman Decl. ¶ 8. Plaintiff agreed to the terms of the July 2013 Uber Software License and Online Services Agreement ("2013 Agreement") that contained an arbitration agreement requiring individual arbitration of "any dispute arising out of or related to this Agreement" ("Arbitration Agreement"). *See* Colman Decl. Exs. D.

On January 23, 2015, Uber moved to compel arbitration based on Plaintiff's acceptance of the Agreements. *See generally* Def.'s Mot. to Compel (Dkt. No. 16). Upon stipulation of the parties, the Court consolidated briefing with Defendant Uber Technology Inc.'s motion to compel arbitration in *Mohamed v. Uber Technologies, Inc.*, Case No. 3:14-cv-5200 EMC ("*Mohamed*"). (*See* Dkt. No. 20.) The Court held a joint hearing on the motions in both this action and *Mohamed* (*see* Dkt. No. 42), and ordered supplemental briefing on the enforceability of the Agreements' delegation provision (*see* Dkt. Nos. 46 & 47). On June 9, 2015, the Court issued a single Order denying Defendants' motions in both this action and in *Mohamed*. *See* Order at 69-70 (Dkt. No. 48). On June 11, 2015, Uber filed a Notice of Appeal of the Court's Order. (Dkt. No. 49; Ninth Cir. Case No. 15-16181.)[1] Uber now seeks a stay of district court proceedings in this action and *Mohamed* pending appeal of the Court's Order.

## III. LEGAL STANDARD

In determining whether to grant a stay pending appeal of the denial of a motion to compel arbitration, district courts apply the test set forth in *Nken v. Holder*, 556 U.S. 418 (2009) and *Leiva-Perez v. Holder*, 640 F.3d 962 (9th Cir. 2011). *See, e.g.*, *Brown v. MHN Gov't Servs., Inc.*, Case No. C 14-1449 SI, 2014 WL 2472094, at *2 (N.D. Cal. June 3, 2014); *Roe v. SFBSC Mgmt., LLC*, Case No. 14-cv-03616-LB, 2015 WL 1798926, at *1-2 (N.D. Cal. Apr. 17, 2015). As *Nken* and *Leiva-Perez* explain, this Court should consider: (1) whether the movant has made a showing that it is likely to succeed on the merits of the appeal; (2) whether the movant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *See Nken*, 556 U.S. at 426; *Leiva-Perez*, 640 F.3d at 964. The Ninth Circuit looks at these factors on a "continuum, with the relative hardships to the parties providing the critical element in determining at what point on the continuum a stay pending review is justified." *See Leiva-Perez*, 640 F.3d at 970 (internal quotation marks and citation omitted). The decision is discretionary. *See Britton v. Co-op Banking Grp.*, 916 F.2d 1405, 1412

---

[1] Defendants Uber Technologies, Inc. and Rasier, LLC simultaneously filed a Notice of Appeal of the Order in *Mohamed*. *See Mohamed* (Dkt. No. 71); Ninth Cir. Case No. 15-16178.

(9th Cir. 1990). In employing this discretion, however, "almost every California district court to recently consider whether to stay a matter, pending appeal of an order denying a motion to stay arbitration, has issued a stay." *See Steiner*, 2008 WL 1925197, at *5 (citing cases).

## IV. ARGUMENT

### A. Uber's Appeal Is Likely To Succeed On The Merits.

To obtain a stay, a movant need only demonstrate a "minimum quantum of likely success"—*i.e.*, that its appeal has a "reasonable probability or fair prospect" of success—or that its appeal raises "substantial" or "serious" legal questions. *Leiva-Perez*, 640 F.3d at 967–68; *Britton*, 916 F.2d at 1412. The movant need not show "that it is more likely than not that [it] will win on the merits." *Leiva-Perez*, 640 F.3d at 966. Uber's appeal meets this test with respect to both legal issues presented therein: (1) whether the Agreements' delegation provisions clearly and unmistakably commit questions of arbitrability to the arbitrator in the first instance; and (2) whether the delegation provisions and/or the Arbitration Agreements as a whole are unconscionable and unenforceable as a matter of law, in light of the Federal Arbitration Act ("FAA") and recent Supreme Court jurisprudence, including *American Express Co. v. Italian Colors Restaurant*, 133 S. Ct. 2304, 2311–12 (2013).

### 1. Whether the Agreements clearly and unmistakably delegate arbitrability issues to the arbitrator.

Uber has a "fair probability" of persuading the Ninth Circuit that the delegation provision in the Agreements between Uber and Plaintiff clearly and unmistakably delegate arbitrability issues to the arbitrator alone. *Leiva-Perez*, 640 F.3d at 967–68. The Court correctly found that the language of the delegation provision unambiguously requires the arbitration of gateway issues such as arbitrability. *See* Order at 16 ("Plaintiffs do not appear to contend that the language of the delegation clauses *itself* is ambiguous, and such an argument would be a tough sell. Indeed, the Supreme Court recognized that very similar language . . . satisfies the 'clear and unmistakable' standard."). But the Court concluded that the Agreements' delegation provision was nevertheless unenforceable based on purportedly conflicting language *outside* the Arbitration Agreement. Order at 19-20.

Specifically, the Court ruled that language contained in Section 14.1 of the Agreements—which is *not* part of the Arbitration Agreement—creates ambiguity. *See* Order at 17, 20. The California Supreme Court, however, has warned against reaching outside the arbitration provision to find ambiguity. *See Boghos v. Certain Underwriters at Lloyd's of London*, 36 Cal. 4th 495, 503 (2005) (holding that "*no ambiguity exists*" when language provides for arbitration "notwithstanding any other item," "even if other provisions, read in isolation, might seem to require a different result") (emphasis added). Federal courts agree. *See Fallo v. High-Tech Inst.*, 599 F.3d 874, 879-80 (8th Cir. 2009) (holding that the parties had clearly and unmistakably manifested an intent to delegate gateway issues even though another provision arguably suggested otherwise) (emphasis added); *Hill v. Anheuser-Busch InBev Worldwide, Inc.*, CV 14-6289 PSG (VBKx), 2014 U.S. District LEXIS 168947, at *11-13 (C.D. Cal. Nov. 26, 2014) (finding a clear and unmistakable intent to delegate gateway issues where the arbitrator had "exclusive authority to resolve any dispute relating to the applicability, enforceability or formation of the [agreement]," even though another provision stated that "a *court* [may] determine[] that any provision of the [agreement] is invalid or unenforceable") (emphasis added).

In addition, in addressing the parties' intent to delegate arbitrability issues, the Court relied in part on the purported lack of sophistication of drivers who use the Uber app. Order at 21 n.16 ("What might be clear to sophisticated counterparties is not necessarily clear to less sophisticated employees or consumers."). This approach—which finds no support in the record—contravenes "the great weight of prevailing case law" holding that "unsophisticated parties can clearly and unmistakably delegate arbitrability" in arbitration agreements. *Zenelaj v. Handyrook, Inc.*, No. 14-cv-05449, 2015 WL 971320, *4 (N.D. Cal. Mar. 3, 2015).[2] For these and other reasons, Uber is likely to succeed in

---

[2] *See, e.g., Bernal v. S.W. & Pac. Specialty Fin., Inc.*, Case No: C 12-05797 SBA, 2014 WL 1868787, at *4 (N.D. Cal. May 3, 2014) (enforcing delegation provision in lawsuit brought by "pay day loan" customer against bank); *Ariza v. Autonation, Inc.*, 317 F. App'x 662, 663 (9th Cir. 2009) (reversing district court order denying auto lessor's motion to compel arbitration and finding that agreement clearly and unmistakably warranted delegation); *Chung v. Nemer PC*, No. C 12-4608 PJH, 2012 WL 5289414, *2 (N.D. Cal. Oct. 25, 2012) (granting employer's motion to compel arbitration with pro se employee pursuant to delegation clause and rejecting employee's argument that she "did not fully understand the [arbitration] agreement"); *Anderson v. Pitney Bowes, Inc.*, No. C 04-4808 SBA, 2005 WL 1048700, at *3 (N.D. Cal. May 4, 2005) (compelling

*(Cont'd on next page)*

obtaining a Ninth Circuit ruling instructing this Court to enforce the delegation provision in the Agreements.

### 2. Whether the delegation provision and/or Arbitration Agreements as a whole are unconscionable under California law.

Uber also has a "fair probability" of persuading the Ninth Circuit that the Arbitration Agreements, including the delegation provisions, are not unconscionable. *Leiva-Perez*, 640 F.3d at 967–68. This Court concluded that the Arbitration Agreement contained in the 2013 Agreement is procedurally unconscionable even though it is undisputed that the agreement contains an opt-out provision that drivers have successfully invoked. Order at 24-27, 41-42.[3] As this Court acknowledged in its Order, at least *three* Ninth Circuit decisions cited by Uber—including an en banc decision from 2013—have held that a meaningful right to opt out of an arbitration agreement precludes a finding of procedural unconscionability as a matter of law. Order at 34 (citing *Circuit City Stores, Inc. v. Ahmed*, 283 F.3d 1198 (9th Cir. 2002), *Circuit City Stores, Inc. v. Najd*, 294 F.3d 1104 (9th Cir. 2002), and *Kilgore v. KeyBank Nat'l Ass'n*, 718 F.3d 1052 (9th Cir. 2013) (en banc)). Yet the Court declined to follow these Ninth Circuit decisions because, in its view, they "present[ed] an inaccurate picture of California law." Order at 36 n.31. Respectfully, those decisions are binding on this Court and should have resulted in a ruling that the Arbitration Agreements are not unconscionable.

---

*(Cont'd from previous page)*

arbitration of gateway issues in case between employer and employee); *Cote v. Barclays Bank Del.*, No. 14cv2370-GPC-JMA, 2015 WL 251217, *3 (S.D. Cal. Jan. 20, 2015) (granting bank's motion to compel arbitration of gateway questions in dispute with credit card debtor); *Krause v. Barclays Bank Del.*, No. 12-cv-1734-MCE-AC, 2013 WL 6145261, *3-4 (E.D. Cal. Nov. 21, 2013) (enforcing delegation provision against debtor in lawsuit against bank); *Universal Prot. Serv., L.P. v. Super. Ct.*, 234 Cal. App. 4th 1128, 1141 (2015) (arbitration agreement incorporating AAA Rules evinced "clear and unmistakable" intent of security guard-employees); *Tiri v. Lucky Chances, Inc.*, 226 Cal. App. 4th 231, 242 (2014) (reversing order denying casino's petition to compel arbitration in action with employee).

[3] This Court found there to be "no evidence" that any drivers had successfully opted out of the arbitration agreements contained in the 2013 Agreement, (Order at 26), but the parties have never disputed this fact. Indeed, Uber provided Plaintiffs with a list of drivers who successfully opted out of the arbitration agreement contained in the 2013 Agreement. The Court should not have reached this factual finding without asking the parties their positions or holding an evidentiary hearing. *See Batory v. Sears, Roebuck & Co.*, 124 F. App'x 530, 532 (9th Cir. 2005) (remanding for an evidentiary hearing on unconscionability).

As for the Arbitration Agreement contained in the 2014 Agreement, the Court's ruling that the agreement is unconscionable conflicts with its *own* prior orders, in which the Court *drafted, approved, and compelled Uber to issue* the very agreement at issue. *See O'Connor v. Uber Techn., Inc.*, No. C-13-3826, Order in Part Approving Defs.' Corrective Notices, at 5-6 (N.D. Cal. May 29, 2014) (Dkt. No. 106) (approving the 2014 Agreements' form and substance under Rule 23). There was no question that the opt-out provision contained in the agreement ensured all drivers a meaningful opportunity to opt out of arbitration over a 30-day period after signing the Agreement—as the Court found, "it would be hard to draft a more visually conspicuous opt-out clause even if the Court were to aid in the drafting process, which it actually did." Order at 33-34. Yet the Court *still* found the agreement to be procedurally unconscionable based on the alleged pressure that drivers, as "lower-level laborers" (Order at 39), supposedly felt to sign the 2014 Agreement. *See* Order at 40, 61-62. Respectfully, this ruling—which was based on a factual finding not supported by anything in the record—contravenes the Ninth Circuit cases described above and the Supreme Court's teaching that arbitration should be favored. *Concepcion*, 131 S. Ct. 1745; .*Italian Colors Rest*, 133 S. Ct. at 2309-10.[4]

On substantive unconscionability, the Court focused primarily on the fact that, under the Agreements at issue, arbitration costs and fees are to be shared between Uber and the drivers, something this Court believed drivers are unlikely to be able to afford. *See* Order at 27–29, 32, 53-54, 62. But the Supreme Court has warned that, under the FAA, courts should not "tally the costs and burdens [of arbitration] to particular plaintiffs in light of their means" or "the size of their claims," in determining whether to enforce an arbitration agreement (or a delegation clause). *Italian Colors Rest.*, 133 S. Ct. at 2311-12 (emphasis added). The Court noted that the Supreme Court "ha[s] not had occasion to flesh out the rule" by applying it to particular factual circumstances, Order at 28, but that merely underscores the necessity for a stay while the Ninth Circuit resolves the "significant legal question[s]" presented by this case. *Leiva-Perez*, 640 F.3d at 967-68.

---

[4] In addition, the Court found that the procedural unconscionability of the 2014 Agreement is "an extremely close question," Order at 40, another factor that supports a stay. *Leiva-Perez*, 640 F.3d at 967-68.

Indeed, numerous courts have rejected claims of substantive unconscionability in this exact context—where one party claims that a delegation clause is substantively unconscionable because of the arbitration fees and costs he would be required to incur. *See Gilbert v. Bank of Am.*, No. C 13-01171 JSW, 2015 WL 1738017, at *6 (N.D. Cal. Apr. 8, 2015) (rejecting plaintiffs' argument that a "delegation provision is substantively unconscionable, because of the fees required to refer that dispute to arbitration"); *Mercadante v. XE Servs.*, LLC, No. CV 11-1044 (CKK), 2015 WL 186966, at *9 (D.D.C. Jan. 15, 2015) (noting "that high arbitration costs—the only basis on which Plaintiffs argue that there is substantive unconscionability with respect to the delegation agreement—could no longer be a basis for substantive unconscionability" after *Italian Colors*); *see also Womack v. Career Educ. Corp.*, No. 4:11-CV-1003 RWS, 2011 WL 6010912, at *2 (E.D. Mo. Dec. 2, 2011) (finding that "a provision requiring the parties to split the arbitration costs" did not "affect [the plaintiff's] ability to arbitrate whether the arbitration agreement is valid and enforceable, and thus, the arbitrator must decide the enforceability of the arbitration agreement"); *Madgrigal v. AT&T Wireless Servs., Inc.*, No. 1:09-CV-0033-OWW-MJS, 2010 WL 5343299, at *7 (E.D. Cal. Dec. 20, 2010) (finding "no evidence or legal authority to support the proposition that the fee-splitting provision renders the delegation provision unconscionable").

Finally, the Order concludes that the Arbitration Agreements contained in both Agreements are unconscionable because they waive drivers' ability to assert claims under California's Private Attorney General Act ("PAGA"). Order at 49, 68-69. This issue is hotly debated among district courts in this circuit. *See, e.g.*, *Hernandez v. DMSI Staffing, LLC*, -- F. Supp. 3d --, 2015 WL 458083, at *8 (N.D. Cal. 2015) (collecting cases). Indeed, the Court acknowledged the "absence of Ninth Circuit authority on point" and noted that the issue—whether the FAA preempts *Iskanian v. CLS Transp. L.A., LLC*, 327 P.3d 129 (Cal. 2014), which held that California public policy precludes the enforcement of PAGA waivers in bilateral arbitration agreements—is currently pending before the Ninth Circuit. *See* Order at 45 n.37 (citing *Sakkab v. Luxottica Retail N. Am.*, Case No. 13-55184); *see also Jose Sierra v. Oakley Sales Corp.*, Case No. 13-55891; *Michael Hopkins v. BCI Coca-Cola Bottling Co. of L.A.*, Case No. 13-56126. This is another "significant legal question" that warrants a stay pending appeal. *Leiva-Perez*, 640 F.3d at 967–68.

### B. Uber Will Suffer Irreparable Harm Absent A Stay.

If this litigation proceeds apace in this Court while Uber's appeal is pending, Uber will face serious and irreparable harm that far outweighs any theoretical injury to Plaintiff or putative class members. The entire purpose of arbitration is to provide an "inexpensive and expeditious means of resolving . . . dispute[s]." *Int'l Ass'n of Machinsts & Aerospace Workers v. Aloha Airlines*, 776 F.2d 812, 815 (9th Cir. 1985). Yet if this Court denies a stay, and the Ninth Circuit reverses the Order and compels arbitration, the substantial time and resources that Uber will have devoted to litigating this dispute during the appeal can never be recovered. *Pokorny v. Quixtar Inc.*, No. 07-00201 SC, 2008 WL 1787111, at *2 (N.D. Cal. Apr. 17, 2008). While monetary expenses incurred in litigation are generally not considered irreparable harm, "arbitration is unique in this aspect," because "[i]f a party must undergo the expense of a trial before being able to appeal denial of a motion to compel arbitration, the anticipated advantages of arbitration—speed and economy—are lost." *Zaborowski v. MHN Gov't Servs.*, No. C 12-05109 SI, 2013 WL 1832638, at *2 (N.D. Cal. May 1, 2013); *see Pokorny*, 2008 WL 1787111, at *2; *see also Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 685 (2010) ("In bilateral arbitration, parties forego the procedural rigor and appellate review of the courts in order to realize the benefits of private dispute resolution: lower costs, greater efficiency and speed, and the ability to choose expert adjudicators to resolve specialized disputes.").

Here, the harm caused by denial of a stay would be magnified because "[t]he burdens associated with discovery in a putative class action are substantially greater than in an individual arbitration." *Roe v. SFBSC Mgmt., LLC*, No. 14-CV-03616-LB, 2015 WL 1798926, at *3 (N.D. Cal. Apr. 17, 2015); *see also Kaltwasser v. Cingular Wireless, LLC*, 2010 WL 2557379, *2 (N.D. Cal. June 21, 2010) ("[T]he nature and extent of discovery permissible in private arbitration is fundamentally different from that allowed in class-action litigation."); *Italian Colors Rest.*, 133 S. Ct. at 2312. The Arbitration Agreements contained in the 2013 and 2014 Agreements contain waiver provisions that preclude the parties from asserting representative and class action claims—the exact claims that Plaintiff has asserted against Uber. Thus, if the Court were to deny this motion, Uber would be compelled to defend itself against numerous class action and representative action claims

that the Ninth Circuit may ultimately find are waived through the Arbitration Agreements. .*Italian Colors Rest*, 133 S. Ct. at 2312.

### C. Plaintiff Will Suffer No Harm Should The Court Stay Proceedings.

On the other hand, should the Court stay this case pending appeal, the only conceivable harm Plaintiff could suffer is a delay in his relief. But any such delay "does not compare to the unjustifiable waste of time and money that would result from proceeding with this litigation before the Ninth Circuit decides whether this dispute is even subject to judicial resolution." *Mundi v. Union Security Life Ins. Co.*, No. CV-F-06-1493 OWW/TAG, 2007 WL 2385069, at *6 (E.D. Cal. Aug. 17, 2007).[5] Moreover, Plaintiff has no need for immediate discovery; Uber has reviewed the ESI Guidelines and Checklist and has agreed to work cooperatively with Plaintiff "regarding the appropriate steps necessary to preserve evidence relevant to the issues in this action." Joint Case Management Statement at 9 (Dkt. No. 34). And should this Court find the Arbitration Agreements enforceable, any delay in the trial court would be compensated by the speedy, streamlined dispute resolution procedure that arbitration offers. *See Stolt-Nielsen S.A.*, 559 U.S. at 685; *see also Italian Colors*, 133 S. Ct. at 2311 ("[A] class-action waiver [in an arbitration agreement] . . . no more eliminates . . . parties' right to pursue their statutory remedy than did federal law before its adoption of the class action for legal relief."); *Shady Grove Orthopedic Assocs. v. Allstate Ins.*, 559 U.S. 393, 402 (2010) (a class action waiver "affect[s] only the procedural means by which the remedy may be pursued"). Thus, "a stay pending appeal will not prejudice Plaintiff's ability to conduct discovery and prosecute the action should it go forward after the appeal." *Pokorny*, 2008 WL 1787111, at *2.

### D. The Public Interest Favors A Stay.

Public policy interests—particularly the promotion of judicial efficiency and the strong federal policy favoring arbitration, *see Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)—also support a stay. "It does not make sense for this Court to expend its time and energy preparing this case for trial . . . only to learn at a later date from the court of appeals that it

---

[5] In addition, Uber has sought to minimize any such delay by filing a motion to expedite the Ninth Circuit appeal. Ninth Cir. Case No. 15-16181 (Dkt No. 7).

was not the proper forum to hear the case." *Mundi*, 2007 WL 2385069, at *5. And "the speed and efficiency of [arbitration] are the foundation for a strong federal policy favoring arbitration over litigation, which would be contravened by requiring the parties to litigate while the appeal is pending." *Pokorny*, 2008 WL 1787111, at *2 (internal quotation marks and citations omitted). On the other hand. the public policy interests behind Plaintiff's claims, such as the right to transparency in credit reporting, would not be undermined by a stay because Plaintiff can ultimately vindicate such rights after the appeal is resolved, either through the judicial or arbitral forum. *See Winig*, 2006 WL 3201047, at *3 ("Although the Court is cognizant of the public interest in vindicating consumer rights, the Court finds the requested stay will not materially impact that interest.") (internal quotation marks and citations omitted); *see also Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (1991) ("[B]y agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial, forum.") (quotation marks and citations omitted).

## V. CONCLUSION

For the foregoing reasons, Uber respectfully requests that the Court grant its motion and stay all proceedings until the conclusion of the pending appeal. In the alternative, Uber requests a temporary stay of this action.

Dated: June 19, 2015

        GIBSON, DUNN & CRUTCHER LLP

        By:   /s/ Theodore J. Boutrous Jr.
                  Theodore J. Boutrous Jr.

        LITTLER MENDELSON, P.C.

        By:   /s/ Andrew M. Spurchise
                  Andrew M. Spurchise

        Attorneys for Defendant UBER TECHNOLOGIES, INC.

I, Kevin J. Ring-Dowell, hereby attest that concurrence in the filing of this document has been obtained from Theodore J. Boutrous, Jr. and Andrew M. Spurchise.

DATED: June 19, 2015         By:   /s/ Kevin Ring-Dowell
                                          Kevin Ring-Dowell