United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD GILLETTE, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>UBER TECHNOLOGIES,<br><br>    Defendant.<br>_____/ | No. C-14-5241 EMC<br><br>**ORDER GRANTING PLAINTIFFS' AMENDED MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**<br><br>**(Docket No. 69)** |

## I. INTRODUCTION

Pending before the Court is Plaintiffs' motion for leave to file a Second Amended Complaint (SAC) in this action. Docket No. 69. The proposed SAC would add: (1) three new class representatives – Shannon Wise, Brandon Farmer and Meghan Christenson; (2) a new defendant – Rasier, LLC; and (3) new legal claims brought by Ms. Christenson under the California Credit Reporting Agencies Act (CCRAA) and the Private Attorneys General Act (PAGA). *See* Docket No. 69-2 (Lee Decl.), Ex. 1 (Proposed SAC). Specifically, the proposed SAC would add a CCRAA claim alleging Uber requested consumer credit reports for employment purposes without providing prior "written notice to the person involved," in violation of California Civil Code section 1785.20.5(a), and a PAGA claim alleging that Uber used consumer credit reports for employment purposes without complying with the various proscriptions codified in California Labor Code section 1024.5.

Uber does not oppose the addition of Ms. Wise and Mr. Farmer as new class representatives, or the addition of Rasier as a new defendant. Docket No. 77 (Opp. Br.) at 2 n.1. But Uber does oppose Plaintiffs' efforts to add Ms. Christenson as a named representative and Plaintiffs' request to add the two new putative class claims under the CCRAA and PAGA. *See generally id.* For the reasons explained below, Plaintiffs' motion for leave to file a second amended complaint is **GRANTED**. The hearing currently set for this matter on August 27, 2015, is hereby **VACATED**.

## II.   DISCUSSION

A.   Legal Standards

After a party has amended a pleading once as a matter of course, it may only amend further after obtaining leave of the court, or by consent of the adverse party. Fed. R. Civ. P. 15(a). Generally, Rule 15 advises the court that "leave shall be freely given when justice so requires." *Id*. However, "the grant or denial of a subsequent opportunity to amend is within the discretion of the District Court." *Foman v. Davis*, 371 U.S. 178, 182 (1962). In determining whether leave should be granted pursuant to a district court's discretion, the Supreme Court has stated that:

> [i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

*Id.*

In the Ninth Circuit, the above listed factors – often referred to as the *Foman* factors – are not weighted equally. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051-52 (9th Cir. 2003) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir.1987)). Rather, the Ninth Circuit has held that "the crucial factor is the resulting prejudice to the opposing party." *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973). *See Eminence Capital*, 316 F.3d at 1052 ("Absent prejudice, or a strong showing on any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend.") (emphasis in original). Indeed, as this Court recently noted in an Order granting a similar motion for leave to amend in a different case involving Uber, "Uber must demonstrate that the prejudice it would suffer from amendment

would be reasonably severe" in order to defeat a proposed amendment under Rule 15. *Yucesoy v. Uber Techs., Inc.*, No. 15-cv-262-EMC, 2015 WL 4571547, at *4 (N.D. Cal. Jul. 28, 2015).

B.  The Proposed Amendment is Not Futile

Uber does not argue that Plaintiffs' proposed SAC should be disallowed because Plaintiffs have unduly delayed in seeking amendment or otherwise have acted in bad faith. Rather, Uber argues that Ms. Christenson should not be permitted to join this lawsuit as a class representative because the proposed amendment is futile and prejudicial. The Court disagrees.

Uber first argues that any amendment to add Ms. Christenson as a class plaintiff is futile because she lacks standing to assert claims under the CCRAA and PAGA that are predicated on Uber's alleged wrongful use of her's and others' consumer credit reports. *See* Opp. Br. at 3-4. Specifically, Uber argues that Christenson cannot bring such claims because "Ms. Christenson had no credit check run by Uber and thus her claims cannot withstand a motion challenging her standing to bring a claim under FRCP 12(b)(1)." Opp. Br. at 1. That is, Uber believes amendment should be disallowed because Christenson has not suffered an injury-in-fact.

To show futility sufficient to defeat amendment under Rule 15, the party opposing amendment must prove that the Court would be required to dismiss the proposed claim *with prejudice* even if amendment were allowed. *See Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (explaining that a proposed amendment is futile and leave should be denied only where the proposed claim is fatally defective as a matter of law); *see also Yucesoy*, 2015 WL 4571547, at *2. Uber has not satisfied that burden. To be sure, Uber has presented some evidence, in the form of one employee declaration, that indicates that Ms. Christenson may not have standing to assert her CCRAA and PAGA claims. *See* Docket No. 68 (Morris Decl.) at ¶ 4 (asserting that Uber did not, and does not, conduct credit checks of employment applicants like Ms. Christenson). But the testimony of Uber's sole declarant is far from conclusive on the matter – indeed, the declarant only began working at Uber in 2014, while Christenson alleges Uber wrongfully obtained her credit report in 2012. *Compare* Morris Decl. at ¶ 3 *with* Proposed SAC at ¶ 28 (alleging that Uber "retrieved her credit report during the application process in 2012). Put simply, the Court is not convinced at this stage that Plaintiffs will be unable to present evidence of their own sufficient to

3

overcome any Rule 12(b)(1) motion Uber might file. Because Uber has not *conclusively* demonstrated that Christenson lacks standing to assert her CCRAA or PAGA claims, Uber's futility argument on this basis must be denied.

Uber next argues that Christenson should not be permitted to file her CCRAA claim because it is preempted by the federal Fair Credit Reporting Act (FCRA), and specifically FCRA's "adverse action notice provision." Opp. Br. at 5-6. Uber's preemption argument, which is only two paragraphs long, is unconvincing. First, Uber ignores the fact Christenson's CCRAA claim is not solely predicated on Uber's alleged failure to provide appropriate "adverse action notice." For instance, Paragraph 90 of the Proposed SAC alleges that Uber violated the CCRAA by failing to provide Christenson with written notice "[p]rior to requesting a consumer credit report for employment purposes." *See* Cal. Civ. Code § 1785.20.5(a); Proposed SAC at ¶ 90. This claim is *not* an "adverse action notice" claim – a company can violate Civil Code section 1785.20.5(a) regardless of whether they ever take an adverse employment action, because the section's plain language provides that it is violated as soon as the employer "request[s] a consumer credit report for employment purposes" without first giving "written notice to the person involved." Code § 1785.20.5(a). Thus, even if Uber were correct in its assertion that FCRA preempts "adverse action notice" claims under the CCRAA, it would be of no moment here.

In any event, Uber has not conclusively established that its preemption argument is correct.[1] "In general, the FCRA does not preempt any state law 'except to the extent that those laws are inconsistent with any provision of this subchapter, and then only to the extent of the inconsistency.'" *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1166 (9th Cir. 2009) (quoting 15 U.S.C. § 1681t(a)). This language effectively disclaims field preemption, leaving only conflict preemption potentially applicable. Uber has cited no case that holds that a claim brought pursuant to Civil Code section 1785.20.5(b) is necessarily "inconsistent with any provision of [the FCRA]," nor has Uber attempted to specifically identify how Christenson's proposed CCRAA claim would be inconsistent with FCRA. Consequently, this Court cannot determine at this juncture whether the proposed

---

[1] This is no surprise, given that preemption is a particularly complicated legal doctrine, the applicability of which is unlikely to be definitely established in less than one page of argument.

CCRAA claim would ultimately be dismissed with prejudice as preempted.[2]  Hence, amendment to plead this claim cannot be futile.

Uber next argues that Christenson should not be granted leave to amend to assert a PAGA claim. Uber's first argument with respect to the proposed PAGA claim is its best:  According to Uber, PAGA only applies to "aggrieved employees," but the Proposed SAC alleges that Christenson was *not* hired by Uber. *See* Cal. Lab. Code § 2699(a) (providing that civil penalties under PAGA may "be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees"); Cal. Lab Code § 2699(c) ("For the purposes of this part, 'aggrieved employee' means any person who was employed by the alleged violator and against whom one or more of the alleged violations was committed."); Proposed SAC at ¶ 28 ("Plaintiff Christenson is informed and believes that Uber's decision not to hire her was based on negative information contained in her credit report . . . ."). Plaintiffs respond that PAGA covers more than just "employees." For instance, Plaintiffs note that PAGA contains an enumerated list of Labor Code provisions to which it applies, a number of which are predicated on Labor Code provisions which expressly protect both employees and job applicants alike. *See* Cal. Lab. Code § 2699.5 (listing various actionable Labor Code sections under PAGA). Indeed, Plaintiffs note that the Legislature apparently expressly provided in Labor Code section 2699.5 that a PAGA cause of action will lie where the alleged predicate violation is of California Labor Code section 432.7, which seems to protect *only* job applicants; not employees. *See* Cal. Lab. Code § 432.7(a) ("No employer, whether a public agency or private individual or corporation, shall ask an applicant for employment to disclose . . . information concerning an arrest or detention that did not result in conviction" or other serious consequences); *see also Vasquez v. USM, Inc.*, No. 13-cv-5449-WHA, 2014 WL 296939, at *3 (N.D. Cal. Jan. 27, 2014) (refusing to dismiss PAGA claim brought by non-employee where the specific Labor Code section that plaintiff was suing under was expressly listed by the

---

[2]  Of course, the Court is not presently deciding that the claim ultimately is *not* preempted by FCRA. Rather, the Court merely holds that at this juncture and based on the briefs, it cannot conclusively determine that Christenson's proposed claim is preempted for purposes of applying Rule 15.

5

Legislature in Labor Code section 2699.5 as actionable under PAGA, and where the predicate Labor Code section applied specifically to "contractors" and not "employees").

At bottom, Uber's argument with respect to Christenson's PAGA claim is strong, but not so overwhelming to overcome Rule 15's command that leave to amend be freely granted. Notably, neither side cites to any appellate case that has definitively decided whether PAGA categorically excludes job applicants from its scope. Thus, while the Court may ultimately agree with Uber and dismiss Christenson's PAGA claim with prejudice, it is premature to so conclude at this juncture, particularly in light of the rather cursory briefing submitted. The Court cannot now conclude the amendment is futile for the reason pressed by Uber. *See Miller*, 845 F.2d at 214.

Nor is Christenson's PAGA claim necessarily futile because it would be time-barred. Christenson has alleged in her complaint that she did not discover Uber's predicate Labor Code violation until February 2015, which, if true, could render her PAGA claim timely. *See Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 807 (2005) (explaining that under California law, the "discovery rule . . . postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action"). Because dismissal on statute of limitations grounds is only permissible where the complaint is plainly time-barred on its face, and Christenson's PAGA claim could potentially be timely under California's "discovery rule," amendment is not futile. *See Cha v. Kaiser Permanente*, No. 14-cv-4672-EMC, 2015 WL 434983, at *3 (N.D. Cal. Feb. 2, 2015) (citing *U.S. ex rel. Air Control Techs., Inc. v. Pre Con Indus., Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013)).

Finally, Uber argues that Christenson's proposed PAGA amendment is futile because the claim is not currently ripe – there is no dispute that Christenson will not have fully exhausted her administrative remedies under PAGA until at least August 24, 2015, because Uber still has a right to "cure" the alleged violation until that date. *See* Cal. Lab. Code § 2699.3(c)(2)(A) (providing that a plaintiff may not file suit under PAGA until the employer has had 33 calendar days from the postmark date of the plaintiff's LWDA notice to "cure" the alleged violation of the Labor Code). Importantly, however, because the PAGA violation Christenson alleges was purportedly completed in 2012, there is nothing Uber could actually cure. Thus, it is not apparent that her claim is in fact unripe. In any event, the Court will not deny amendment under Rule 15 on this basis. Even

assuming that the proposed claim may not yet be ripe, there is no dispute it will be ripe within days, and thus the Court would not dismiss the claim with prejudice. It makes no sense to find that Christenson's claim is futile today, but somehow will not be futile on August 24, 2015. *See Miller*, 845 F.2d at 214. Thus Uber's futility arguments are rejected.

C.  Uber Fails to Show Prejudice

Uber claims that "[b]ecause [the] proposed amendments would be futile, they would likewise prejudice Uber by requiring Uber to expend time and money filing a noticed motion to dismiss Plaintiff['s] . . . specious claims." Opp. Br. at 11. The Court is not firmly convinced, however, that Plaintiffs' proposed claims are "specious," and thus Uber has identified no cognizable prejudice in its opposition. This action is still in its infancy; Uber has yet to file an answer and discovery has not yet begun. In any event, expenditure of time and money in litigation to defend a claim does not constitute prejudice within the meaning of Rule 15. *See AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (holding that litigation costs are prejudicial under Rule 15 only where the amendment results in additional costs that could have *easily been avoided* had the proposed amendments been included with the original pleading); *Fresno Unified School Dist. v. K.U. ex rel. A.D.U.*, 980 F. Supp. 2d 1160, 1176-77 (E.D. Cal. 2013) (same). The Court finds no prejudice here.

### III.  CONCLUSION

Plaintiffs' amended motion for leave to file a second amended complaint is **GRANTED**. The complaint shall be filed no later than August 25, 2015.

This order disposes of Docket No. 69.

IT IS SO ORDERED.

Dated: August 18, 2015

_____
EDWARD M. CHEN
United States District Judge

7